(No. 56557.—

MINONK STATE BANK, Adm'r, Appellee, v. IDA
GRASSMAN et al. (Ida Grassman, Appellant).

*Opinion filed March 25, 1983.*

Mark J. McGrath, of Mackinaw, for appellant.

Jeffrey W. Jackson and Brian J. Meginnes, of Wester-
velt, Johnson, Nicoll & Keller, of Peoria, and James Riely,
of Riely & Riely, of Minonk, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of
the court:

Minonk State Bank, as administrator with will an-

nexed of the estate of Agnes Grassman, filed an action in the circuit court of Woodford County seeking a declaratory judgment that plaintiff's decedent was the owner of an undivided one-half interest in certain real estate and that Ida Grassman (hereinafter referred to as defendant) was a tenant in common with decedent in the ownership of the property, and not a joint tenant with right of survivorship. In two additional counts plaintiff sought partition of, and authority to sell (Ill. Rev. Stat. 1977, ch. 110½, par. 20—4), the real estate. The circuit court entered judgment declaring that defendant, Ida Grassman, was the sole surviving joint tenant of the disputed property and dismissed the remainder of plaintiff's complaint as moot. The appellate court reversed and remanded (103 Ill. App. 3d 1106), and we granted defendant's petition for leave to appeal (87 Ill. 2d R. 315).

A detailed statement of the facts is contained in the appellate court opinion (103 Ill. App. 3d 1106, 1108), and we need only briefly review them. The record shows that by means of a conveyance dated August 22, 1938, the real estate here involved was conveyed to Gustav, Agnes, Ida and Frieda Grassman as joint tenants. Gustav and Frieda died, leaving decedent and defendant surviving. Defendant executed and recorded a deed which conveyed the land from herself as grantor to herself as grantee. The deed contains the following provision:

> "(This deed is made for the purpose to dissolve any and all rights of the survivorship under a certain deed heretofore given by and between the above Grantor, Frieda Grassman and Agnes Grassman)."

Decedent had no knowledge of this conveyance.

The circuit court concluded that *Duffield v. Duffield* (1915), 268 Ill. 29, and *Deslauriers v. Senesac* (1928), 331 Ill. 437, required it to hold that the purported conveyance did not effect the transfer of any interest in the land. It also held that the enactment of section 1b of "An Act to revise the law in relation to joint rights and obligations"

(Ill. Rev. Stat. 1977, ch. 76, par. 1b) affected only the creation, and not the termination, of joint tenancies. In reversing, the appellate court held that a joint tenant may unilaterally sever a joint tenancy, that the conveyance effectuated the termination of the joint tenancy, and that the decedent was a tenant in common with an undivided one-half interest in the real estate.

Defendant contends that the appellate court, and this court, are precluded from changing the common law rule that a joint tenant cannot destroy the right of survivorship by conveying property to herself. Specifically, defendant argues that section 1 of "An Act to revise the law in relation to the common law" (Ill. Rev. Stat. 1977, ch. 28, par. 1) (the "reception statute") specifically precludes this court from changing the common law of England as it existed prior to the fourth year of James the First unless it is repealed by the General Assembly. Defendant argues that section 1b of "An Act to revise the law in relation to joint rights and obligations" (Ill. Rev. Stat. 1977, ch. 76, par. 1b), the statute which effectively overruled this court's decision in *Deslauriers v. Senesac* (1928), 331 Ill. 437, and provided that a joint tenancy may be created notwithstanding the fact that the grantor is named as a grantee, applies only to the creation of joint tenancies and not to their termination. Citing *Summers v. Summers* (1968), 40 Ill. 2d 338, 342, defendant argues that the statute, which is in derogation of the common law, must be strictly and narrowly construed, and that the statute should not be read to overrule that portion of *Deslauriers* which held that to be valid at common law a conveyance must have a separate grantor and grantee.

Plaintiff, citing *Amann v. Faidy* (1953), 415 Ill. 422, argues that the reception statute did not adopt "just those precedents which happened to have already been announced by English courts at the close of the sixteenth century, but rather a system of law whose outstanding

characteristic is its adaptability and capacity for growth." (415 Ill. 422, 433.) Plaintiff contends that the reception statute was not designed to preclude judicial recognition of the realities of modern conveyancing and that, in any event, the General Assembly has itself changed certain requirements concerning conveyancing as it relates to joint tenancies "and has thereby recognized change in this area."

We agree with plaintiff that, as noted in *Amann,* it is necessary for the common law to keep pace with " 'the gradual changes of trade, commerce, arts, inventions and the exigencies and usages of the country.' " 415 Ill. 422, 434, quoting *Kreitz v. Behrensmeyer* (1894), 149 Ill. 496, 502; see also *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 24; *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 39-40; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 13-14; *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 366-67.

The appellate court has reviewed the development of the law governing joint tenancies from the 13th century through our decision in *Deslauriers v. Senesac* (1928), 331 Ill. 437, the enactment of "An Act to revise the law in relation to joint rights and obligations" (Ill. Rev. Stat. 1953, ch. 76, par. 1b), and our decision in *Frey v. Wubbena* (1962), 26 Ill. 2d 62. (103 Ill. App. 3d 1106, 1108-10.) The appellate court concluded, and we agree, that the rules applicable to the creation and severance of joint tenancies, in this situation, should be the same.

The common law requirement that there be a separate grantor and grantee was based on considerations concerning the manner in which land transfers were effectuated and recorded. The California Court of Appeals, in discussing whether a conveyance requires a separate grantor and grantee, noted:

"That 'two-to-transfer' notion stems from the English common law feoffment ceremony with livery of seisin. [Citation.] *** It is apparent from the requirement of liv-

ery of seisin that one could not enfeoff oneself—that is, one could not be both grantor and grantee in a single transaction. Handing oneself a dirt clod is ungainly. Just as livery of seisin has become obsolete, so should ancient vestiges of that ceremony give way to modern conveyancing realities." (*Riddle v. Harmon* (1980), 102 Cal. App. 3d 524, 528-29, 162 Cal. Rptr. 530, 533.)

In Illinois, the General Assembly has provided that livery of seisin is no longer necessary for the conveyance of real property and that a writing is sufficient to effectuate such a conveyance. (Ill. Rev. Stat. 1977, ch. 30, par. 1.) Whatever problem a conveyance to oneself presented to the common law feoffment ceremony, such a conveyance presents no problem to our present system of conveyancing. We adopt the rationale of the appellate court and hold that defendant severed the joint tenancy by conveying the property to herself.

Finally, defendant argues that there is an important distinction between the creation and the severance of a joint tenancy. Defendant argues that the creation of a joint tenancy is "akin to a quasi contract or shared common venture" and that, because of the appellate court's holding, the parties to this "joint venture no longer are able to rely upon the relationship that led to them originally entering into the purchase of the property in question." We recognize that in certain situations, *e.g.*, where consideration is given for the creation of a joint tenancy or one of the joint tenants takes some irrevocable action in reliance upon the creation or existence of a joint tenancy, problems may arise if one tenant may unilaterally dissolve the joint tenancy. (See *Hendrickson v. Minneapolis Federal Savings & Loan Association* (1968), 281 Minn. 462, 466, 161 N.W.2d 688, 692; *cf.* 2 W. Blackstone, Commentaries *195.) Such a situation is not presented here; the record does not show that either party gave consideration for the creation of the joint tenancy or relied, to her detriment, on its continued existence.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*