JUDITH JOHNSON, Plaintiff-Appellant and Counterdefendant-Appellant, v. BENEFICIAL FINANCE COMPANY OF ILLINOIS, INC., Defendant-Appellee and Counterplaintiff-Appellee (David S. Johnson, Defendant; David S. Johnson et al., Counterdefendants).

Second District   No. 2—86—0517

Opinion filed April 10, 1987.

Greenwald, Maier, Hudec & Gray, of Rockford, for appellant.

Mary P. Gorman, of O'Brien, Healy, Wade & Gorman, of Rockford, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Judith Johnson, appeals the decision of the trial court of Winnebago County finding that the defendant, Beneficial Finance Company of Illinois, Inc. (hereinafter BFC), held a valid mortgage lien on an undivided one-half interest in plaintiff's residence and granting judgment for BFC on its counterclaim for foreclosure.

In 1980, Judith Johnson and David S. Johnson owned a home at 2664 Pacific Parkway, Rockford, as joint tenants with right of survivorship. The ownership interest of the Johnsons was encumbered only by a first mortgage held by Rock River Savings and Loan Association of Rockford.

On May 13, 1980, a quitclaim deed purporting to be executed by both David S. Johnson and Judith R. Johnson conveying title to the Pacific Parkway premises to David S. Johnson alone was recorded in the recorder's office in Winnebago County. Later in 1980, David S. Johnson went to the Rockford office of BFC and applied for a second mortgage in the amount of $10,000. BFC approved the loan to David S. Johnson. Subsequently, the sum of $10,000 was paid to David S. Johnson by BFC, and David S. Johnson executed a note and second mortgage which was duly recorded as a lien against the Pacific Parkway premises. Shortly after David S. Johnson obtained this money, he and the plaintiff, Judith Johnson, parted, and David S. Johnson moved out of the home. From December 1980 through the date of trial, Judith Johnson has lived in the premises and has made all the principal and interest payments on the first mortgage, has paid all the real estate taxes for the years 1980 through 1985, and spent $1,000 having the house painted.

Judith Johnson and David S. Johnson separated, and in July 1981, a judgment for dissolution of the Johnsons' marriage was entered in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois. At the time of the dissolution of marriage, the Johnsons entered into a separation agreement and property settlement agreement which was specifically approved by the court and made a part of the judgment as though fully set forth therein.

Paragraph 17 of the parties' property settlement agreement provided as follows:

> "The Husband and Wife own the marital residence located at 2664 Pacific Parkway, Rockford, Illinois as joint tenants. This real estate is subject to a first mortgage in favor of Rock River Savings and Loan Association in the approximate amount of $36,800.00; it is also subject to a second mortgage in favor of Beneficial Finance Company in the approximate amount of

$10,000.00. Therefore, this real estate has an equity of approximately $23,100.00.

The Husband shall convey, transfer and quit-claim [*sic*] to the Wife all of his right, title and interest in and to said real estate."

As further part of the property settlement agreement, Judith Johnson agreed to make the first-mortgage payments to Rock River Savings and Loan Association, and David S. Johnson was ordered to make the second-mortgage payments to BFC. Judith Johnson was ordered to pay all real estate taxes, insurance premiums, and repair costs with respect to the property.

After the dissolution of marriage, David S. Johnson failed to make the regular monthly second-mortgage payments to BFC. Accordingly, BFC contacted both David S. Johnson and Judith Johnson concerning payment. In response, Judith Johnson filed her complaint to quiet title herein, naming BFC and David Johnson as defendants. BFC filed a counterclaim for foreclosure of its mortgage lien.

On July 6, 1984, the Honorable Robert C. Gill entered an order after hearing finding that the signature of Judith Johnson on the quitclaim deed recorded May 13, 1980, was a forgery. On January 2, 1985, the Honorable Robert C. Gill entered an order declaring that BFC has a valid mortgage lien on an undivided one-half interest in the Pacific Parkway premises. Judith Johnson's motion to reconsider was denied by the Honorable Robert C. Gill on the third day of December 1985. The Honorable Galyn Moehring entered judgment in favor of BFC on its counterclaim for foreclosure on May 14, 1986. Judge Moehring refused to reduce from the amount BFC had as a lien by reason of the mortgage an amount equal to one-half of the payments of principal, real estate taxes, and/or improvements made by the plaintiff, Judith Johnson, since December 1980.

Plaintiff raises the following issues on appeal: (1) whether an ownership interest in real estate held in joint tenancy can be conveyed by one joint tenant without the consent of the other; (2) whether BFC obtained a valid mortgage lien based upon David Johnson's forged quitclaim deed; and (3) if the BFC lien is valid, whether plaintiff is entitled to a setoff for her payment of all real estate taxes, maintenance and improvements on the premises, and the mortgage payments made by plaintiff subsequent to the 1980 separation of plaintiff and defendant, David Johnson.

■ A joint tenant can sever a joint tenancy by conveying his or her interest without the consent or permission of the other. (*In re Estate of Martinek* (1986), 140 Ill. App. 3d 621; *Minonk State Bank v.*

*Grassman* (1982), 103 Ill. App. 3d 1106, *aff'd* (1983), 95 Ill. 2d 392.) The quitclaim deed bearing the signatures of David S. Johnson and Judith Johnson purported to transfer full title to David S. Johnson. Thereafter, David S. Johnson made a second mortgage on this property for a loan of $10,000 from BFC. At issue is whether the execution of the quitclaim deed served to sever the joint tenancy, for in Illinois the mere mortgaging of a joint tenant's interest in the property will not sever the joint tenancy. *Harms v. Sprague* (1984), 105 Ill. 2d 215.

BFC cites *Minonk State Bank v. Grassman* (1982), 103 Ill. App. 3d 1106, *aff'd* (1983), 95 Ill. 2d 392, for the proposition that a joint tenant can sever the joint tenancy by conveying his interest to himself without the use of an intermediary. BFC argues that despite the fact that defendant, David S. Johnson, forged the plaintiff's name to the quitclaim deed, as to his own interest in the property, David S. Johnson effectively transferred his interest to himself. Under the holding of *Minonk State Bank*, such a conveyance would sever the joint tenancy.

Plaintiff contends that the supreme court's reasoning in *Minonk State Bank* precludes such a result here, as that court stated:

> "We recognize that in certain situations, *e.g.*, where consideration is given for the creation of a joint tenancy or one of the joint tenants takes some irrevocable action in reliance upon the creation or existence of a joint tenancy, problems may arise if one tenant may unilaterally dissolve the joint tenancy." *Minonk State Bank v. Grassman* (1983), 95 Ill. 2d 392, 396.

In her reply brief, plaintiff contends that BFC has not demonstrated a lack of consideration on the part of plaintiff or that the plaintiff hasn't relied to her detriment on the continuation of the joint tenancy. We initially note that this was not the finding in *Minonk State Bank* but rather a possible caveat. As such, the cited language does not constitute binding precedent for this court but rather is *dictum* as the record failed to show that either party gave consideration for the creation of the joint tenancy or relied on the continued existence thereof. Further, we do not find it BFC's burden to put forth evidence as to consideration's having been paid for the establishment of the joint tenancy or detrimental reliance by plaintiff on the continuation of the joint tenancy. As plaintiff has produced no evidence of either of these situations being present, we find her argument baseless.

BFC still asserts that its mortgage is a valid one irrespective of whether the quitclaim deed here severed the joint tenancy. It argues that since a joint tenant can legally mortgage his interest in real

property and thereby create a lien in that interest (*Harms v. Sprague* (1984), 105 Ill. 2d 215), when David S. Johnson executed a quitclaim deed purporting to be signed by both himself and the plaintiff, he did, at minimum, effectively sever the joint tenancy with the plaintiff. When David S. Johnson subsequently quitclaimed his entire interest in the property back to plaintiff, there existed a valid lien on that interest by BFC's mortgage.

In *Harms v. Sprague* (1984), 105 Ill. 2d 215, the court stated that in Illinois, a mortgage lien does not serve to sever a joint tenancy. Plaintiff cites *Harms* for the principle that a mortgage lien does not "attach" unless the joint tenancy is severed. (*Harms v. Sprague* (1984), 205 Ill. 2d 215.) Plaintiff also argues that whether or not the joint tenancy is severed, for the mortgage line to "attach" to the interest of a joint tenant, the mortgagee must have foreclosed on the lien, and the mortgage redemption period must have then expired, for a mortgagee's interest to attach to the property and to remain valid even if the interest is then conveyed. Plaintiff argues that her ex-husband's conveyance of his entire interest in the property to the plaintiff following their divorce, but prior to BFC's foreclosing on its interest, served to extinguish BFC's interest. We do not find support in *Harms* for these assertions. In fact, the mortgage lien in *Harms* was extinguished based upon a right of survivorship. When the joint tenant whose interest was encumbered died, prior to any action by the mortgagee to foreclose on its interest, by way of right of survivorship the remaining joint tenant succeeded to the one-half undivided interest in the property of the decedent free and clear of the mortgage made by the deceased joint tenant. *Harms v. Sprague* (1984), 105 Ill. 2d 215.

■ We must determine the validity of a mortgage lien on a lifetime transfer of a joint tenant's interest. Such a transfer is materially distinguishable from the principles of the rights of survivorship associated with joint tenancy. Here the properly recorded mortgage lien of BFC remained a valid, enforceable encumbrance on the property. Additionally, we note that the plaintiff was well aware of this encumbrance in view of the provisions of her divorce settlement agreement with David Johnson wherein the second mortgage is expressly dealt with.[1]

---

[1]The trial court granted plaintiff's motion to strike BFC's pleadings regarding the divorce settlement agreement entered into between Judith and David Johnson as BFC's basis for arguing that plaintiff was estopped from challenging the validity of BFC's mortgage. The trial court found that BFC had failed to set forth the essential elements of estoppel. We cite to this material for the limited purpose of recognizing plaintiff's notice of BFC's mortgage prior to David Johnson's transfer of his interest in the joint tenancy to plaintiff by quitclaim deed.

In *Heabler v. Jewel Tea Co.* (1963), 42 Ill. App. 2d 267 (abstract of opinion), it was held that a valid lien on a joint tenant's interest in real property was not extinguished by the lifetime conveyance of that joint tenant's interest to the other joint tenant. We therefore find that BFC's mortgage lien continued following David S. Johnson's conveyance of his interest in this property to the plaintiff.

■ Plaintiff's additional claim is that her payments for real estate taxes, improvements on the property, and the regular first-mortgage payments should be shared by BFC. However, BFC does not hold the status of a co-owner with plaintiff. BFC is merely a lender and holds a mortgage to secure payment of its loan. As such, BFC incurs no liability for the continued care, control, and incidents of ownership of the subject property. We are unaware of any theory whereby BFC can be compelled to assume this liability for some or all of these expenses, nor does plaintiff present any such plausible theory supported by appropriate authority other than simply referring to the broad equitable powers of the court to justify such a claim. Pursuant to Supreme Court Rule 341(e)(7), it is plaintiff's affirmative obligation to provide this court with argument and supporting authority of this theory. 103 Ill. 2d R. 341(e)(7).

Having failed to do so, the decision of the circuit court of Winnebago County is hereby affirmed.

Affirmed.

REINHARD and NASH, JJ., concur.