JOHN PETKUS *et al.*, Plaintiffs-Appellants, v. ST. CHARLES SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.

Second District   No. 2—88—0858

Opinion filed May 3, 1989.

Raymond F. Agrella, of Shearer, Blood, Agrella & Boose, of St. Charles, for appellants.

Gerald M. Sheridan, Jr., and Gregory A. Rode, both of Sheridan & Associates, of Wheaton, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, John and Anne Petkus (the Petkuses), brought an action for damages arising from a dispute over a mortgage debt. Defendant, St. Charles Savings and Loan Association (the Association), counterclaimed for attorney fees. Following a bench trial in the circuit court of Kane County, judgment was entered against plaintiffs on their complaint and in favor of defendant on the counterclaim for attorney fees. Plaintiffs appeal the judgment for attorney fees contending that the attorney-fees provision of the mortgage agreement was extinguished when the mortgage was released, or, alternatively, that the attorney-fees provision does not apply to a breach of contract and fraud action such as this. We affirm.

On May 26, 1972, the Association loaned $300,000 to John and Anne Petkus. The loan was secured by a mortgage on real estate located in Kane County. As of March 2, 1984, the balance due on the debt was $212,415.81. On that date, William Gust, president of the Association, orally agreed to an $11,000 discount on the payoff amount if the Petkuses would pay the loan off by March 15, 1984. According to Gust, the discount was given on the condition that the payoff be funded by the Petkuses' own personal funds and not from a sale of the secured property.

On March 15, 1984, the Petkuses advised the Association that they had sold the secured property, and they tendered a check for the discounted balance of the loan, $201,415.81, to the Association in full payment of the loan. The Association advised the Petkuses that the discount had been given on the condition that the building would not be sold, and, since the building had been sold, the discount was no longer available. The mortgage would not be released unless an additional $11,000 was paid. The sale of the secured property could not be completed unless the mortgage was released, so the Petkuses wrote the Association a second check for the $11,000 difference. Thereafter, the Association issued a release of the mortgage and cancelled the note. The Petkuses subsequently stopped payment on the $11,000

check. When the Association's written demand for payment was not answered, the Association filed a lawsuit against the Petkuses to collect the $11,000.

Meanwhile, the Petkuses had a certificate of deposit account with the Association in the amount of $30,000. When the CD matured, the Association exercised its right of setoff and withheld $11,000 from the CD account. It then apparently considered the Petkuses loan paid in full and voluntarily dismissed the lawsuit.

The Petkuses then filed suit against the Association. Their four-count complaint alleged breach of oral contract, breach of certificate-of-deposit contract, violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*), and common-law fraud. The Petkuses alleged that there were no conditions on the oral discount agreement concerning the source of the payoff funds and that the Association had intentionally breached the discount agreement. The Association counterclaimed for attorney fees pursuant to a clause in the "Mortgagor's Supplemental Agreement" which made the mortgagors responsible for all attorney fees incurred by the Association in connection with any dispute as to the debt.

A bench trial was held, and judgment was entered against plaintiffs on all four counts of their complaint. Judgment was entered in favor of defendant on the counterclaim for attorney fees in the amount of $8,217.20. The Petkuses filed a timely notice of appeal. The appeal is limited to the judgment entered in favor of the Association for attorney fees.

The Petkuses contend that because the Association released the mortgage lien and cancelled the note, or alternatively when the setoff occurred and the debt was fully paid, all contract rights under the mortgage agreement were extinguished including the Association's right to attorney fees. Alternatively, the Petkuses argue that the attorney-fees provision of the mortgage agreement was intended to apply to attorney fees resulting from a loan default and not to fees resulting from defense of a breach of contract or fraud action such as this.

At the time that the parties entered into the loan agreement, they executed a promissory note, a mortgage, and a document entitled "Mortgagor's Supplemental Agreement." Paragraph G of the supplemental agreement provides:

> "That the Mortgagee may employ counsel for advice or other legal service at the Mortgagee's discretion in connection with any dispute as to the debt hereby secured or the lien of this In-

strument, or any litigation to which the Mortgagee may be made a party on account of this lien or which may affect the title to the property securing the indebtedness hereby secured or which may affect said debt or lien and any reasonable attorney's fees so incurred shall be added to and be a part of the debt hereby secured. Any costs and expenses reasonably incurred in the foreclosure of this mortgage and sale of the property securing the same and in connection with any other dispute, or litigation affecting said debt or lien, including reasonably estimated amounts to conclude the transaction, shall be added to and be a part of the debt hereby secured. All such amounts shall be payable by the Mortgagor to the Mortgagee on demand, and if not paid shall be included in any decree or judgment as a part of said mortgage debt and shall include interest at the highest contract rate, or if no such contract rate then at the legal rate."

The defendants contend that when the Association released the mortgage, it also released all claims it may have acquired by virtue of the mortgage agreement, including the right to attorney fees. We disagree.

■■ ■ A mortgage is an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt. (Black's Law Dictionary 911 (5th ed. 1979).) When a mortgagee has received full satisfaction and payment of all sums due to him from the mortgagor, the mortgagee is required to execute a release of the mortgage. (Ill. Rev. Stat. 1987, ch. 95, par. 52.) The release of a mortgage extinguishes the lien of the mortgage and bars an action for foreclosure. (59 C.J.S. *Mortgages* §475(c) (1949).) Therefore, when the Association executed the mortgage release, what it released was its interest in or lien on the secured property. The release of the lien did not necessarily mean that the parties' other rights under the agreement were extinguished also.

■ As between the immediate parties the mortgage instrument is merely a contract. (*Affronti v. Bodine* (1987), 155 Ill. App. 3d 755, 758.) Although the contract between the parties created a lien in favor of the Association, it created other rights as well. Specifically, the "Mortgagor's Supplemental Agreement" provided that attorney fees incurred by the Association "in connection with any dispute as to the debt" would be paid by the Petkuses. There is nothing in the Agreement that limits the Association's right to fees to a particular period of time pre- or post-satisfaction of the debt. The fact that attorney fees here were incurred subsequent to the release of the lien is irrele-

vant in terms of whether the Association has a right to recover its costs from the Petkuses.

When the Petkuses were informed that the Association would not release the mortgage until an additional $11,000 was paid, the Petkuses could have sued to enforce their version of the contract and to compel release of the lien. If they were unsuccessful in the suit, however, the Association would certainly have had a right to recover its attorney fees under the terms of the supplemental agreement.

■ That is essentially what they have done in this litigation. They have sought to enforce their version of the agreement. The only difference is that now the lien has been released. That difference is not material, however. We conclude that, under the terms of the "Mortgagor's Supplemental Agreement," the mortgage release did not affect the Association's right to attorney fees.

■ Plaintiffs argue, in the alternative, that the attorney-fees provision in the supplemental agreement was intended only to apply to fees incurred in the event of default on the loan, and not to fees incurred in defense of a breach of contract and fraud case such as this. The general rule applicable to the grant of attorney fees in Illinois is that, in the absence of a statute or an agreement, the successful litigant in a civil action may not recover attorney fees from his adversary for the ordinary expenses of litigation. (*Losurdo Brothers v. Arkin Distributing Co.* (1984), 125 Ill. App. 3d 267, 274.) Provisions in contracts for awards of attorney fees are an exception to the rule. (*Abdul-Karim v. First Federal Savings & Loan Association* (1984), 101 Ill. 2d 400, 411-12.) Although contract provisions regarding attorney fees will be strictly construed, those provisions are to be enforced in the discretion of the trial court. (*Ferrara v. Collins* (1983), 119 Ill. App. 3d 819, 825.) Where attorney fees are authorized by contract, a court may properly award them according to the specific language of the contract. *Ferrara*, 119 Ill. App. 3d at 825.

■ The attorney-fees provision in the "Mortgagor's Supplemental Agreement" states that the mortgagees are to pay any attorney fees that the Association incurs "in connection with any dispute as to the debt." The language of the provision is very broad. It does not limit recovery of attorney fees to default situations, as plaintiffs suggest. The underlying litigation concerned how much the Petkuses owed the Association at the time that the mortgage was released. It was certainly a "dispute as to the debt." The Petkuses contended that they owed $201,415.81, and the Association contended that they owed $212,415.81. If, at the time that the Petkuses stopped payment on the $11,000 check, the Association had successfully sued to collect that

amount from the Petkuses, it would unquestionably have had a right to attorney fees from the Petkuses because the litigation was an attempt to collect money due under the mortgage agreement. By a fortuitous chance, the Association was able to obtain the $11,000 through a setoff. When the Petkuses sued to get the $11,000 back, the Association incurred fees to retain the money. There is little or no difference in incurring attorney fees to collect a debt or, as here, to retain the satisfaction of a debt in dispute. We determine, therefore, that there was no abuse of discretion in the trial court's award of attorney fees to defendant.

In conclusion, we note that plaintiffs have not challenged the reasonableness of the amount of the judgment for attorney fees.

For the foregoing reasons the judgment of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.