OLNEY TRUST BANK, Plaintiff-Appellee, v. YVONNE K. PITTS, Defendant-Appellant (Unknown Owners *et al.*, Defendants).

Fifth District   No. 5—89—0410

Opinion filed June 27, 1990.

Patricia A. Tomaw, of Newton, for appellant.

Patrick M. Burke, of Brazitis & Burke, of Olney, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Yvonne Pitts (hereinafter Wife), brought this interlocutory appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) from the order of the circuit court of Richland County which denied her motion for summary judgment in a mortgage foreclosure action brought against her by plaintiff, Olney Trust Bank (hereinafter Bank). For reasons stated as follow, we affirm.

Lowell Wayne Pitts (hereinafter Husband) and Wife owned certain real estate in Richland County during the course of their marriage. Tract one of the real estate was solely owned by Husband; tract two was owned by Husband and Wife in joint tenancy. A third tract was also owned by Husband and Wife in joint tenancy. In 1981 Husband and Wife gave Bank a first mortgage on the three tracts, according to their respective interests, to secure a mortgage loan in the amount of $163,000. In January 1985, Husband and Wife gave Bank a second mortgage on the three tracts of real estate to secure a mortgage loan in the amount of $198,129.83. Bank later released tract three from the first and second mortgages, and this tract of real estate is not part of the controversy in the instant case.

Wife filed a petition for dissolution of marriage in June 1987. At that time, both first and second mortgage loans were in default. In July 1988, Husband conveyed his interest in the real estate to the Bank by way of a deed in lieu of foreclosure. By contemporaneous agreement, Husband also agreed that he would be jointly liable with Wife for whatever deficiency would remain after sale of the property. In the same document, Bank agreed to take immediate steps to foreclose Wife's interest in the real estate and to sell the two tracts of land to Husband's father for a total of $120,250; of which $60,250 represented Husband's interest in the property and the remaining $60,000 of which represented Wife's interest in the property. Bank delivered a quitclaim deed to Husband's father at this time. Wife was not a party to the deed or agreement.

In July 1988 Bank filed a foreclosure suit against Wife, unknown owners and nonrecord claimants. Wife filed a motion for summary judgment, claiming that pursuant to section 15—1401 of the revised Illinois Mortgage Foreclosure Law, effective July 1, 1987 (Ill. Rev. Stat. 1987, ch. 110, par. 15—1401), when Bank accepted the deed in lieu of foreclosure from Husband it released her as mortgagor from

personal liability and, as the mortgage debt was released, Bank was precluded from foreclosing her mortgage interest. The court denied Wife's motion but certified the issue of law for purposes of interlocutory appeal under Supreme Court Rule 308. 107 Ill. 2d R. 308.

■ We initially note from the record that as to tract one, Husband was the sole owner, and therefore sole mortgagor, thereof. Thus the deed in lieu of foreclosure was effective to convey the entire interest in this tract to the Bank. At issue is what interest was conveyed to the Bank in tract two, the real estate owned by Husband and Wife as joint tenants with right of survivorship.

■ Under common law, the essential elements of a joint tenancy require that the several tenants have one and the same interest accruing by one and the same conveyance, commencing at the same time and held by one and the same undivided possession. (*Kane v. Johnson* (1947), 397 Ill. 112, 116, 73 N.E.2d 321, 324.) The unities of interest, title, time, and possession are necessary and requisite to both the creation and continuance of the joint tenancy. (*Jackson v. O'Connell* (1961), 23 Ill. 2d 52, 55, 177 N.E.2d 194, 195.) The voluntary or involuntary destruction of any of the unities by one of the joint tenants will sever the joint tenancy. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 220, 473 N.E.2d 930, 932.) A joint tenancy, even though between husband and wife, can be severed when one of the tenants conveys his interest to a third person. (*Johnson v. Johnson* (1973), 11 Ill. App. 3d 681, 684, 297 N.E.2d 285, 288.) A joint tenant can sever a joint tenancy by conveying his or her interest without the consent or permission of the other. (*Johnson v. Beneficial Finance Co. of Illinois, Inc.* (1987), 154 Ill. App. 3d 672, 674, 506 N.E.2d 1025, 1027.) Under common law, joint tenants were said to hold "by the moiety or half and by the whole," which means that such tenants were seized of the entire estate for the purposes of tenure and survivorship but of only an undivided part or interest for the purpose of forfeiture or immediate alienation. (20 Am. Jur. 2d *Cotenancy and Joint Ownership* §7 (1965).) We find that at the time Husband conveyed his interest in tract two to the Bank by way of the deed in lieu of foreclosure, the joint tenancy was severed and the Bank received an undivided one-half interest in tract two thereby. Similarly, Wife retained an undivided one-half interest in tract two.

■ Section 15—1401 of the Illinois Mortgage Foreclosure Law provides as follows:

> "Deed in Lieu of Foreclosure. The mortgagor and mortgagee may agree on a termination of the mortgagor's interest in the mortgaged real estate after a default by a mortgagor. Any

mortgagee or mortgagee's nominee may accept a deed from the mortgagor in lieu of foreclosure subject to any other claims or liens affecting the real estate. Acceptance of a deed in lieu of foreclosure shall relieve from *personal liability* all persons who may owe payment or the performance of other obligations secured by the mortgage, including guarantors of such indebtedness or obligations, except to the extent a person agrees not to be relieved in an instrument executed contemporaneously. A deed in lieu of foreclosure, whether to the mortgagee or mortgagee's nominee, shall not effect a merger of the mortgagee's interest as mortgagee and the mortgagee's interest derived from the deed in lieu of foreclosure." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 15—1401.)

Wife urges that she was relieved of personal liability on the mortgage note because of Husband's deed in lieu of foreclosure given to the Bank by way of the third sentence in this statutory provision, that accordingly the mortgage lien must fail, and she is the sole owner of the previously encumbered property. When a mortgagee has received full satisfaction and payment of all sums due to him from the mortgagor, the mortgagee is required to execute a release of the mortgage; said release extinguishes the lien of the mortgage and bars an action for foreclosure. (*Petkus v. St. Charles Savings & Loan Association* (1989), 182 Ill. App. 3d 327, 330, 538 N.E.2d 766, 768.) If we were to accept Wife's interpretation of this statute, however, the lien extinguished would be as to Wife's undivided one-half interest in tract two, not as to the entire interest in the property.

The Bank, on the other hand, urges that the statute must be interpreted as to individual rather than joint mortgagors as the deed was given by only one mortgagor in this case. Accordingly, Bank proposes that Husband would be entitled to relief from personal liability except that he agreed otherwise in the contemporaneous agreement with the Bank. Bank further urges that Wife is not relieved of personal liability, nor is the mortgage released as to her interest in the property. Finally, Bank argues that the last sentence in section 15—1401, which provides that acceptance of the deed does not effect a merger of the mortgagee's lien and title interests, supports its proposed interpretation of this section of the Act.

■■■ Where a statute's meaning is clear, it is applied without resorting to judicial interpretation; however, where a statute is unclear or susceptible of more than one meaning, it must be interpreted to clarify its application. (*Penman v. Board of Trustees of Illinois Eastern Community Colleges* (1981), 94 Ill. App. 3d 139, 144, 418 N.E.2d

795, 799.) The cardinal rule of statutory construction is to ascertain and give effect to the legislative purpose and intent of the statute. (*Reynolds Metals Co. v. Pollution Control Board* (1982), 108 Ill. App. 3d 156, 160, 438 N.E.2d 1263, 1267.) Although it is generally unnecessary to look beyond the language of a statute to arrive at the legislative purpose and intent, where different interpretations are urged, the court must look to the reasons for the enactment of the statute and purposes to be gained thereby and construe the statute in a manner which is consistent with that purpose. (*Reynolds Metals*, 108 Ill. App. 3d at 160, 438 N.E.2d at 1267.) Statutes are construed with reference to the law existing prior to their enactment, in order to ascertain their purpose. (*In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 221, 422 N.E.2d 635, 638.) Unless otherwise defined, words which appear in a statute are intended to have their ordinary and popular meaning. (*Richter v. Collinsville Township* (1981), 97 Ill. App. 3d 801, 807, 423 N.E.2d 549, 554.) Aids in ascertaining legislative intent include such factors as reason for enactment, contemporaneous conditions, existing circumstances, and remedy sought. *Richter*, 97 Ill. App. 3d at 807, 423 N.E.2d at 554.

Steven C. Lindberg and Wayne F. Bender examined the changes made by the revised Illinois Mortgage Foreclosure Law in an article appearing in the October 1987 Illinois Bar Journal and made the following observations about its legislative purpose as a whole, as well as the intent of section 15—1401:

> "The Illinois Mortgage Foreclosure Law (IMFL) was intended by its drafters to integrate into one statute as much of the law of mortgage foreclosure as possible. * * *

> The prior foreclosure laws were scattered throughout various sections of the Illinois Revised Statutes in addition to several areas which were previously only set forth in case law. The new law codifies the prior statutory law and case law on the subject.

> * * *

> The premise behind deeds in lieu of foreclosure is to allow a borrower to transfer title to the lender in exchange for a release of his or her obligations under the note and mortgage.

> Prior to the enactment of IMFL, there was no statutory provision for deeds in lieu of foreclosure. In some instances, a deed was simply given by the borrower to the lender in exchange for a release of mortgage. Frequently, there were no contracts, affidavits or other documents evidencing the transaction and, in some cases, lenders even failed to provide releases

to the borrowers at the time of the transaction. More prudent lenders required title searches and preparation of affidavits and ALTA statements. Only then, pursuant to the contract, was a release of mortgage exchanged for a deed from the borrower.

IMFL does not alter that which had been implicit in prior practice and, under section 15—1401, makes it explicit that 'acceptance of a deed in lieu of foreclosure shall relieve from personal liability all persons who may owe payment[s] or the performance of other obligations secured by the mortgage ....' IMFL now makes it absolutely clear that a deed in lieu of foreclosure releases all mortgagors from personal liability." Lindberg & Bender, *The Illinois Mortgage Foreclosure Law*, 76 Ill. B.J. 800, 800-02 (1987).

■ We agree with Bank that the statute must be construed according to each mortgagor. The statute's plain meaning uses the singular, "mortgagor" rather than "mortgagor or mortgagors." Moreover, the term "mortgagor" is defined in the statute as the *"person whose interest in the real estate is the subject of the mortgage."* (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 15—1209.) The legislature chose not to define the singular term as either singular or plural, which would cover the case of joint mortgagors. In addition, this interpretation would allow each mortgagor to bargain with the mortgagee as to his interest in the property and to exchange a deed in lieu of foreclosure as to that interest for a release of personal liability for the deficiency judgment that could result if the mortgagee were forced to foreclose the mortgage. We find that this interpretation is consistent with joint tenancy law which allows a joint tenant to convey his interest without the other's consent, and will result in judicial economy, as well.

■ Moreover, as noted above, we interpret the term "personal liability" in section 15—1401 to refer to the liability for deficiency after sale of the property which the mortgagor owes pursuant to the mortgage note and for which the mortgagor receives a release in exchange for the deed in lieu of foreclosure. Wife's proposed interpretation of the statute, which would define "personal liability" as the existing mortgage debt on the promissory notes prior to foreclosure, is inconsistent with prior and current mortgage law which discusses the term "personal liability" in connection with a deficiency judgment. For example, the prior mortgage statute allowed enforcement of deficiency judgments against "defendants *personally liable* for the mortgage debt." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 95, par. 56.) Likewise, section 15—1504 of the current statute, which outlines the

form for foreclosure complaints, requires the naming of "defendants claimed to be *personally liable for deficiency*, if any" (emphasis added) (Ill. Rev. Stat. 1987, ch. 110, par. 15—1504(a)(3)(N)), in connection with the information concerning the mortgage. Similarly, section 15—1402, which provides for the termination of a mortgagor's interest by way of a consent foreclosure, provides that "the mortgagee offers, in connection with such a judgment, to waive any and all rights to a *personal judgment for deficiency* against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 15—1402(a)(1).

■■■ We further believe that Bank's nonmerger argument is consistent with this interpretation of "personal liability." The doctrine of merger provides that when the same person who is bound to pay is also entitled to receive, there is an extinguishment of rights, such that debtor and creditor become the same person and there can be no right to put in execution. (*Donk Brothers & Co. v. Alexander* (1886), 117 Ill. 330, 338, 7 N.E. 672, 676.) Section 15—1401 specifically provides that a deed in lieu of foreclosure given to the mortgagee shall not effect a merger of the mortgagee's interest as mortgagee and the interest derived from the deed in lieu of foreclosure. Because there is no merger, the mortgage debt is not satisfied or extinguished.

■■■ To illustrate the effect of nonmerger of the lien and title interest by way of analogy, the release of the deficiency judgment received by the mortgagor in exchange for the deed in lieu of foreclosure is similar to the discharge received by a debtor in bankruptcy. While it is a general rule that a release of the debt secured by a mortgage operates as a discharge of the mortgage, a basic tenant of bankruptcy law holds that a discharge in bankruptcy releases the debtor from *personal liability* but does not discharge the mortgage lien. (55 Am. Jur. 2d Mortgages §462 (1971), citing *Bush v. Person* (1855), 59 U.S. (18 How.) 82, 15 L. Ed. 273.) The mortgagee may foreclose the mortgage lien following a mortgagor's discharge in bankruptcy but is forbidden from obtaining or enforcing a deficiency judgment against the mortgagor. (See 11 U.S.C. §524(a) (1988).) A discharge in bankruptcy is analogous to the statute of limitations in that it does not annul the original debt but merely suspends the right of action for its recovery. (*Local Loan Co. v. Norman* (1943), 319 Ill. App. 114, 48 N.E.2d 803.) We note that the Illinois Mortgage Foreclosure Law is specifically supplemented by general principles of law, including bankruptcy law, except to the extent displaced by a particular provision in the Law. Ill. Rev. Stat. 1987, ch. 110, par. 15—1106(e).

■■ In summary, a discharge in bankruptcy does not constitute payment or extinguishment of obligations which are discharged but merely serves to bar their enforcement by legal proceedings. We likewise interpret section 15—1401 and hold that acceptance of the deed in lieu of foreclosure does not extinguish the mortgage debt, but does bar the mortgagee from obtaining or enforcing a deficiency judgment. Wife's interpretation of "personal liability" which would wipe out both debt and lien is inconsistent with the express disavowal of merger in section 15—1401.

■■ We believe the legislature intended to provide for an alternate to foreclosure by codifying the deed in lieu of foreclosure practice, but wanted to make sure that the mortgagee would be precluded from obtaining and enforcing *deficiency* judgments against the mortgagor, joint mortgagor, guarantor, or any other person owing payment of the mortgage note. We therefore hold that while the Bank may properly foreclose Wife's interest in tract two, it may not obtain a deficiency judgment against her because she did not agree to be personally liable. Accordingly, the court below is instructed that all further proceedings hereunder be consistent with this holding, and the order of the circuit court of Richland County from which this interlocutory appeal is taken is affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.