NOTICE

Decision filed 05/08/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0257

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| ROGER SATHOFF, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Monroe County. |
| | ) |
| v. | ) No. 05-CH-22 |
| | ) |
| WAYNE SUTTERER, Executor of the | ) |
| Estate of Melba Busse, Deceased, and | ) |
| Unknown Owners, | ) Honorable |
| | ) Dennis B. Doyle, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

The plaintiff, Roger Sathoff, filed an action to quiet title and for a declaratory judgment in the circuit court of Monroe County. The circuit court granted the motion to dismiss filed by the defendant, Wayne Sutterer, the executor of Melba Busse's estate. On appeal, the plaintiff argues that the circuit court misconstrued the law regarding joint tenancy and misapprehended the facts in the case. We affirm.

FACTS

The facts in the present action are undisputed. On June 5, 1981, Theodore Busse conveyed real estate to Paul Busse and Melba Busse (husband and wife) and the plaintiff as joint tenants with the right of survivorship, and the deed was recorded on June 9, 1981. Pursuant to a deed dated February 29, 1996, Paul and Melba transferred their interest in the real estate from Paul and Melba, as joint tenants, grantors, to Paul and Melba, as joint tenants, grantees, and this deed was recorded on March 12, 1996. Paul predeceased Melba, who predeceased the plaintiff.

1

On May 10, 2005, the plaintiff filed this action to quiet title and for a declaratory judgment. In his complaint, the plaintiff alleged that the 1996 deed was a cloud on his title to the real estate and was null and void. The plaintiff alleged that the 1996 deed did not destroy the joint tenancy subsisting in the plaintiff, Paul, and Melba and that, because Paul and Melba were deceased, he acquired the real estate by operation of law as the sole surviving joint tenant.

On November 4, 2005, Sutterer filed a motion to dismiss the plaintiff's complaint. On February 14, 2006, the circuit court held that by executing the 1996 deed, Paul and Melba destroyed the joint tenancy between Paul, Melba, and the plaintiff. Accordingly, the circuit court granted the motion to dismiss and entered a judgment in favor of the defendant. Thereafter, the circuit court denied the plaintiff's motion to reconsider, and the plaintiff filed a timely notice of appeal.

ANALYSIS

The plaintiff argues that Paul and Melba's deed executed in 1996, conveying from Paul and Melba, as joint tenants, to Paul and Melba, as joint tenants, was void and did not sever their joint tenancy with the plaintiff. The plaintiff argues that, as a result, when Paul and Melba predeceased him, he became the only surviving joint tenant and the sole owner of the property. See *Harms v. Sprague*, 105 Ill. 2d 215, 224 (1984) (an intrinsic feature of joint tenancy is the right of survivorship, which entitles the last surviving tenant to take the entire estate).

At common law, joint tenant grantees took title as though they together constituted one person. *Minonk State Bank v. Grassman*, 103 Ill. App. 3d 1106, 1108 (1982), *aff'd*, 95 Ill. 2d 392 (1983) (adopting the rationale of the appellate court). "Since all were seized as a fictitious entity, four classic unities developed which, albeit artificially, demonstrated their community of interest which required that individual interests be equal in all respects. (2

2

American Law of Property, §6.1, at 4 (1952).)" *Minonk State Bank*, 103 Ill. App. 3d at 1108. The common law unities were time, title, interest, and possession. *Minonk State Bank*, 103 Ill. App. 3d at 1108. "In essence, the common law joint tenancy required that the several tenants have one and the same interests accruing by one and the same conveyance, commencing at the same time and held by one and the same undivided possession." *Minonk State Bank*, 103 Ill. App. 3d at 1108.

An indisputable right of each joint tenant is the power to convey his or her separate estate without the knowledge or consent of the other joint tenant and to thereby sever the joint tenancy, transforming it into a tenancy in common and extinguishing the right of survivorship. *In re Estate of Vogel*, 291 Ill. App. 3d 1044, 1047 (1997); *Minonk State Bank*, 103 Ill. App. 3d at 1110. By conveying his or her interest in the joint property to a third party, a joint tenant destroys the unities of title and interest, which are fundamental to the perpetuation of the joint tenancy. *In re Estate of Vogel*, 291 Ill. App. 3d at 1047; *In re Estate of Martinek*, 140 Ill. App. 3d 621, 629 (1986). Once the unities of title and interest are destroyed, the joint tenancy is severed, the right of survivorship is extinguished, and the remaining tenants hold the property as tenants in common with the third party. *In re Estate of Vogel*, 291 Ill. App. 3d at 1047; *In re Estate of Martinek*, 140 Ill. App. 3d at 629.

Where there are three joint tenants and one conveys his interest to a third party, the joint tenancy is severed with respect to the part conveyed; the third-party grantee becomes a tenant in common with the other two joint tenants, and the other two joint tenants hold the remaining two-thirds as joint tenants with the right of survivorship therein. *Jackson v. O'Connell*, 23 Ill. 2d 52, 56 (1961). Where one of three joint tenants conveys his interest in real estate to one of his cotenants, the cotenant grantee holds the share conveyed as a tenant in common, taking it at a different time and by a different title, while his original share is held with the remaining cotenants in joint tenancy, the unity continuing to that extent.

3

*Jackson*, 23 Ill. 2d at 57.

"At common law, one could not create a joint tenancy in himself and another by a direct conveyance. It was necessary for joint tenants to acquire their interests at the same time (unity of time) and by the same conveyancing instrument (unity of title)." *Riddle v. Harmon*, 102 Cal. App. 3d 524, 527, 162 Cal. Rptr. 530, 532 (1980). "So, in order to create a valid joint tenancy where one of the proposed joint tenants already owned an interest in the property, it was first necessary to convey the property to a disinterested third person, a 'strawman,' who then conveyed the title to the ultimate grantees as joint tenants." *Riddle*, 102 Cal. App. 3d at 527, 162 Cal. Rptr. at 532.

However, section 1b of the Joint Tenancy Act (Act) (765 ILCS 1005/1b (West 2004)) changes the common law with respect to the four unities by relaxing the requirements and providing that an estate with all the effects of a common law joint tenancy can be created through a conveyance from the grantor directly to himself as a grantee, without the intervention of a third party. *Frey v. Wubbena*, 26 Ill. 2d 62, 66 (1962). Section 1b of the Act provides, in pertinent part:

> "Whenever a grant or conveyance of lands, tenements, or hereditaments shall be made where the instrument of grant or conveyance does not create an estate in tenancy by the entirety *** but declares that the estate created be not in tenancy in common but with right of survivorship, or where such instrument of grant or conveyance does not create an estate in tenancy by the entirety *** but declares that the estate created be not in tenancy in common but in joint tenancy, the estate so created shall be an estate with right of survivorship notwithstanding the fact that the grantor is or the grantors are also named as a grantee or as grantees in said instrument of grant or conveyance. Said estate with right of survivorship, so created, shall have all of the effects of a common law joint tenancy estate." 765 ILCS 1005/1b (West

4

2004).

The courts are to adopt a more liberal and practical view of these common transactions in light of the public policy change. *Frey*, 26 Ill. 2d at 69-70 ("with respect to creation of joint tenancies in intangible personal property \*\*\*, \*\*\* compliance with the appropriate statutory requirements dispenses with the necessity of applying common-law principles governing creation of joint tenancies"); see also *Minonk State Bank*, 95 Ill. 2d at 396 ("[w]hatever problem a conveyance to oneself presented to the common law feoffment ceremony, such a conveyance presents no problem to our present system of conveyancing").

The plaintiff argues that, pursuant to the language of the Act, the original joint tenant (the grantor) may be named as *a* grantee but that he may not be named as *the* grantee, that the Act therefore required Paul and Melba, as two of the three joint tenants, to convey to each self and another (someone in addition to the original joint tenant) to sever the original joint tenancy and create a new one, and that Paul and Melba did not sever the original joint tenancy or create a new one by conveying only to themselves as joint tenants. The plaintiff argues that a mere paper transfer of title from two joint tenants to the same two joint tenants cannot be construed as a conveyance sufficient to destroy the original joint tenancy.

Paul and Melba could have accomplished their objective–the termination of the joint tenancy with the plaintiff and the creation of a joint tenancy between Paul and Melba–by one of a variety of circuitous processes. See *Riddle*, 102 Cal. App. 3d at 531, 162 Cal. Rptr. at 534. Paul and Melba could have severed their joint tenancy with the plaintiff by transferring their interests to a "strawman" who, in turn, could have conveyed the two-thirds undivided interest to Paul and Melba as joint tenants with the right of survivorship. Common sense, as well as legal efficiency, dictates that Paul and Melba should have been able to accomplish directly what they could otherwise achieve indirectly by the use of elaborate legal fictions. See 765 ILCS 1005/1b (West 2004); *Minonk State Bank*, 103 Ill. App. 3d at 1112; *Riddle*,

102 Cal. App. 3d at 530, 162 Cal. Rptr. at 534. After Paul and Melba's 1996 conveyance from themselves as joint tenants, grantors, to themselves as joint tenants, grantees, the Busses and the plaintiff no longer had one and the same interests, accruing by one and the same conveyance, commencing at the same time. See *Minonk State Bank*, 103 Ill. App. 3d at 1108. Instead, Paul and Melba's conveyance severed the joint tenancy between Paul, Melba, and the plaintiff with respect to the undivided two-thirds interest so conveyed. See *Jackson*, 23 Ill. 2d at 53 (the conveyance by one of three joint tenants of real estate to another joint tenant severed the joint tenancy with respect to the undivided one-third interest so conveyed). Paul and Melba held the undivided two-thirds interest as joint tenants with the right of survivorship, and the plaintiff became a tenant in common. See *Minonk State Bank*, 95 Ill. 2d at 396 (the unilateral attempt by the joint tenant to terminate the joint tenancy by conveying her interest from herself–*the* grantor–as a joint tenant to herself–*the* grantee–as a tenant in common effectively severed the joint tenancy and established a tenancy in common between herself and the remaining tenants).

Recognizing Paul and Melba's clear intention to simultaneously sever the joint tenancy with the plaintiff and create a new joint tenancy between themselves, the plaintiff argues that Paul should have conveyed his undivided one-third interest to Paul and Melba as joint tenants and that Melba should have conveyed her undivided one-third interest to Paul and Melba as joint tenants. While the plaintiff's suggested language might have unequivocally effected Paul and Melba's intention, we decline to allow form to triumph over substance by holding that this was the exclusive means to effectuate their intent. See *Minonk State Bank*, 103 Ill. App. 3d at 1111 ("it is obvious that courts have been inclined to allow severance [of joint tenancies] in any variety of ways once intent to sever has been demonstrated"). Instead, we find that Paul and Melba's conveyance in the present case sufficiently severed the joint tenancy between Paul, Melba, and the plaintiff, created a joint tenancy between Paul and

6

Melba regarding the undivided two-thirds interest, and rendered the plaintiff a tenant in common. See *Minonk State Bank*, 103 Ill. App. 3d at 1112 ("[a]llowing one party to destroy the joint tenancy by executing a deed from himself to himself merely dispenses with an outmoded charade which is of dubious legal and practical significance"); see also *Klouda v. Pechousek*, 414 Ill. 75, 85 (1953) ("an interpretation which will give the deed force will be adopted in preference to one which will make it of no effect").

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Monroe County.

Affirmed.

WELCH, P.J., and SPOMER, J., concur.

NO. 5-06-0257

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| ROGER SATHOFF, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Monroe County. |
| | ) | |
| v. | ) | No. 05-CH-22 |
| | ) | |
| WAYNE SUTTERER, Executor of the | ) | |
| Estate of Melba Busse, Deceased, and | ) | |
| Unknown Owners, | ) | Honorable |
| | ) | Dennis B. Doyle, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Opinion Filed**: May 8, 2007

**Justices**: Honorable James M. Wexstten, J.

Honorable Thomas M. Welch, P.J., and
Honorable Stephen L. Spomer, J.,
Concur

**Attorney for Appellant**: Jay M. Huetsch, Adams & Huetsch, 101 East Mill Street, P.O. Box 132, Waterloo, IL 62298

**Attorney for Appellees**: Arlie E. Traughber, Traughber & Morris, Ltd., 217 South Main Street, P.O. Box 587, Columbia, IL 62236