(No. 36325.— ▬▬▬▬)
BEATRICE JACKSON *et al.*, Appellants, *vs.* KATHERINE O'CONNELL *et al.*, Appellees.

*Opinion filed September 22, 1961.*

Thomas F. Allman, of Chicago, for appellants.

John S. Kavanaugh, and William T. Regas, both of Chicago, for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

This appeal from a decree for partition entered by the circuit court of Cook County presents the question whether a conveyance by one of three joint tenants of real estate to another of the joint tenants destroyed the joint tenancy in its entirety·or merely severed the joint tenancy with respect to the undivided third interest so conveyed, leaving the joint tenancy in force and effect as to the remaining two-thirds interest.

The controlling facts, as we viewed the case, are simple

and uncontroverted. The various parcels of real estate in question are situated in Cook County and were formerly owned by Neil P. Duffy. The latter died testate in 1936 and by his will he devised the properties to his three sisters, Nellie Duffy, Anna Duffy, and Katherine O'Connell, as joint tenants. Thereafter Nellie Duffy, a spinster, by quit-claim deed dated July 21, 1948, conveyed and quitclaimed all her interest in the properties to Anna Duffy. The deed was in statutory form. It was duly delivered and recorded. Nellie Duffy died in 1949.

Some eight years later, in May 1957, Anna Duffy died testate. By her will she devised whatever interest she had in the real estate in question to four nieces, Beatrice Jackson, Eileen O'Barski, Catherine Young and Margaret Miller, plaintiffs herein.

Following the death of Anna Duffy, the plaintiffs commenced this suit against Katherine O'Connell (hereafter referred to as the defendant) and others to partition the real estate. Their suit is predicated on the theory that Nellie Duffy's quitclaim deed, dated July 21, 1948, to Anna Duffy severed in its entirety the joint tenancies existing between Nellie Duffy, Anna Duffy, and the defendant; that as a result, Anna Duffy became the owner of an undivided two-thirds interest and defendant an undivided one-third interest in the various parcels of real estate, as tenants in common; that plaintiffs, as successors in interest to Anna Duffy, accordingly each own an undivided one-sixth and defendant an undivided one-third interest as tenants in common. The defendant answered and filed a counterclaim on the theory that Nellie Duffy's quitclaim deed of July 21, 1948, to Anna Duffy severed the joint tenancies only so far as the grantor's one-third interest was concerned; that the joint tenancies between Anna Duffy and defendant continued in full force and effect as to the remaining two thirds; that upon Anna Duffy's death in 1957, defendant succeeded to that two-thirds interest as surviving joint tenant; and that

plaintiffs are each entitled to a one-twelfth interest only, as devisees of the one-third interest which passed to Anna Duffy by reason of Nellie Duffy's quitclaim deed.

The cause was referred to a master who found the interests in accordance with defendant's contentions. The decree for partition appealed from confirmed the master's conclusions.

At the hearing before the master, plaintiffs adduced over defendant's objection testimony of the attorney who had drawn Nellie Duffy's quitclaim deed for the purpose of showing that the grantor intended the deed to operate as a complete severance of the joint tenancy and that the attorney's advice was that the deed would have that legal effect. Such testimony cannot control the effect of the deed upon the joint tenancy but that issue must be determined as a matter of law. The deed was unambiguous and its legal effect cannot be changed by parol evidence that it was intended to have a legal operation different from that which would be imported by its terms. *Fowler* v. *Black,* 136 Ill. 363; *Rockford Trust Co.* v. *Moon,* 370 Ill. 250.

The problem then resolves itself down to the effect of Nellie Duffy's quitclaim deed upon the joint tenancy as a matter of law. The question appears to be one of first impression in Illinois.

The estate of joint tenancy comes down to us from the early English law and while the rules applicable to it have been modified in some particulars by statute in Illinois, most of the principles governing joint tenancies today are those which existed at common law. For example, it has been held from the earliest times that four coexisting unities are necessary and requisite to the creation and continuance of a joint tenancy; namely, unity of interest, unity of title, unity of time, and unity of possession. Any act of a joint tenant which destroys any of these unities operates as a severance of the joint tenancy and extinguishes the right of survivorship. American Law of Property, vol. II, sec. 6.2; *Van*

*Antwerp* v. *Horan,* 390 Ill. 449; *Tindall* v. *Yeats,* 392 Ill. 502.

It appears to have been well settled at common law that where there were three joint tenants, and one conveyed his interest to a third party, the joint tenancy was only severed as to the part conveyed; the third party grantee became a tenant in common with the other two joint tenants, but the latter still held the remaining two thirds as joint tenants with right of survivorship therein. (Coke on Littleton, 189a (sec. 294); 2 Tiffany Real Property, 3rd ed., sec. 425; 2 Thompson on Real Property, sec. 1714.) Counsel for plaintiffs argue that the rule should not apply where the conveyance is to a fellow joint tenant; that in such a case the interest of the grantee becomes different in quantity from that of the remaining joint tenant; that the unity of interest is destroyed and a severance of the entire joint tenancy necessarily results.

The early English authorities do not support such a view. Littleton stated the rule to be as follows: "And, if three joyntenants be, and the one release by his deed to one of his companions all the right which he hath in the land, then hath he to whom the release is made, the third part of the lands by force of the said release, and he and his companion shall hold the other two parts in joynture * * *. And as to the third part, which he has by force of the release, he holdeth that third part with himselfe and his companion in common." (Coke on Littleton, 193a (sec. 304).) Littleton goes on further to point out that if a disseisin should occur after such a transfer, the parties "shall have in both their names an assise of the two parts, &c. because the two parts they held jointly at the time of the disseisin. And as to the third part, he to whom the release was made, ought to have of that an assise in his own name, for that he (as to the same third part) is thereof tenant in common * * * because he commeth to this third part by force of the release,

and not only by force of the joynture." Coke on Littleton, 196a (sec. 312).

Blackstone, after pointing out that a joint tenancy may be terminated by destroying the unity of interest, adds the following qualification: "Yet, if one of three joint-tenants alienes his share, the two remaining tenants still hold their parts by joint-tenancy and survivorship; and if one of three joint-tenants release his share to one of his companions, though the joint-tenancy is destroyed with regard to that part, yet the two remaining parts are still held in jointure; for they still preserve their original constituent unities." 2 Blackstone's Commentaries, (\*186,) Lewis's ed. p. 653.

Preston's statement of the rule accords with that of Littleton and Blackstone. 2 Preston on Abstracts, 61.

Modern-day writers support the same view. In American Law of Property, vol. II, sec. 6.2, it is said: "Where one joint tenant conveys to one of his cotenants, where there are more than two, the cotenant grantee holds the share conveyed as a tenant in common, taking it at a different time by a different title, while his original share is held with the remaining cotenants as a joint tenancy, the unity continuing to that extent." Other writers lay down the same rule. 2 Tiffany Real Property, 3rd ed., sec. 425, p. 211; 2 Walsh, Commentaries on the Law of Real Property, sec. 116, p. 11. There appears to be a dearth of case law on the subject, but no decisions have come to our attention which announce a doctrine contrary to that stated by the commentators mentioned above.

With respect to the contention that Nellie Duffy's quitclaim deed destroyed the joint tenancies in their entirety because as a result of that deed the undivided interests of the grantee, Anna Duffy, and the defendant in the various properties were rendered unequal, it is to be noted that their interests in the undivided two-thirds, which formed the subject matter of the joint tenancies here in question, remained

the same. It is settled in Illinois that a valid joint tenancy may exist in an undivided interest. (*Klouda* v. *Pechousek,* 414 Ill. 75; Ill. Rev. Stat. 1959, chap. 76, par. 1.) The requisite unity of interest is satisfied in such a case if it exists with respect to the undivided interest which forms the subject matter of the joint tenancy. In *In re Galletto's Estate,* 75 Cal. App. 2d 580, 171 P.2d 152, a grantor conveyed an undivided half interest in certain real estate to a wife, individually. By separate deed, the grantor conveyed the remaining undivided half interest to the wife and her husband, as joint tenants. It was contended that a valid joint tenancy was not created for the reason that one of the essential unities was lacking, namely, unity of interest. In denying that contention, the court observed: "Once it is conceded that a joint tenancy may exist as to an undivided interest in property, and that rule is perfectly clear, the balance of the undivided interest may lawfully be held by one of the tenants as well as by a stranger. The equality of interest requirement simply means that the interests of the joint tenants in the subject or interest involved in the joint tenancy must be equal. The subject of the tenancy involved herein is an undivided one-half interest in the property. In that interest the respondent and wife owned equal and identical interests. They held one and the same interests in the subject of the joint tenancy." The principle stated is applicable to the situation presented in the case at bar.

It is contended that error was committed in the exclusion of testimony offered to show Anna Duffy's understanding of the legal effect of the quitclaim deed. This testimony was properly excluded for reasons previously stated.

The decree of the circuit court of Cook County was right and is affirmed.

*Decree affirmed.*