ESTATE OF RALPH J. DOMPKE, Deceased, by Christopher V. Brown, Adm'r, Petitioner-Appellee, v. MAEBELLE F. DOMPKE, Respondent-Appellant.

Second District   No. 2—88—0948

Opinion filed August 3, 1989.

932

Kenneth L. Cunniff, of Kenneth L. Cunniff, Ltd., and Joseph Reed Millsaps, both of Chicago, for appellant.

Gareth C. Leviton, of Morrissey & Kay, of Oak Brook, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Respondent, Maebelle F. Dompke, appeals from a grant of summary judgment entered in favor of petitioner, Christopher V. Brown. Respondent contends that: (1) summary judgment should not have been entered for petitioner; (2) summary judgment should have been entered for respondent; and (3) even if the grant of summary judgment was correct, the court erred in ruling that all of the property in question should be transferred to petitioner. We disagree and affirm.

Maebelle F. Dompke (Maebelle) and Ralph J. Dompke (Ralph) were

husband and wife prior to December 31, 1981. Their marital property included stocks and a bond in a brokerage account owned as joint tenants. A judgment for dissolution of marriage was entered by the circuit court of Cook County on December 31, 1981. This judgment expressly incorporated a written property settlement agreement which specified, among other things, that the stocks and bond in Ralph's possession were to be Ralph's property. The agreement, which was to settle all matters between them for property rights, referred to no other stocks or bonds, although it did allocate between the parties several bank accounts, money market funds, and real estate. While all necessary conveyances of real estate were achieved, Maebelle never conveyed her interest in the stocks and bond (the securities) to Ralph. Ralph continued to receive statements and dividends from the brokerage account addressed to "Ralph J. Dompke and Mrs. Maebelle F. Dompke Jt. Ten." on a regular basis.

Ralph died intestate on December 4, 1986. Christopher V. Brown was appointed administrator of the estate of Ralph J. Dompke, deceased (Estate). Maebelle refused to transfer title of the securities to the Estate, and the Estate filed a citation to recover assets in the circuit court of Du Page County on December 21, 1987. Maebelle moved to dismiss the citation, but her motion was denied. Both parties then moved for summary judgment. The trial court granted the Estate's motion for summary judgment and denied Maebelle's motion. Maebelle appeals from this order.

■■ A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) "Merely alleging that a genuine issue of material fact exists without presenting any statement of fact to contradict the defendants' version, does not thereby create such an issue." (*Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 951.) Evidence is to be viewed in a light most favorable to the nonmovant in determining whether a genuine issue of material fact exists. (*Doherty v. Kill* (1986), 140 Ill. App. 3d 158, 162.) If there are no such facts in dispute, inferences may be drawn from the undisputed facts to determine if respondent is entitled to judgment as a matter of law. If no fair-minded person could draw different inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted. *Peltz*, 31 Ill. App. 3d at 951.

Respondent's argument, in essence, is that the Estate was unable to show, by clear and convincing evidence, that the joint tenancy in

the securities was severed. Therefore, as surviving joint tenant, she would be sole owner of the securities.

The facts here are undisputed, so summary judgment is proper. The only question before the court is whether, as a matter of law, the joint tenancy in the securities was severed. If it was, the grant of summary judgment to the Estate was correct. If it was not, summary judgment should have been granted to Maebelle.

██ █ "When an agreement by divorcing spouses concerning property rights is approved by the court and incorporated into the divorce decree, it becomes merged in the decree and the rights of the parties thereafter rest upon the decree." (*In re Estate of Coleman* (1979), 77 Ill. App. 3d 397, 399.) Normal rules of contract construction should be applied in interpreting such an agreement. (*Coleman*, 77 Ill. App. 3d at 399.) The court should give effect to the intentions of the parties and the court, as determined from the language of the unambiguous instrument. *Coleman*, 77 Ill. App. 3d at 399.

The judgment of dissolution of marriage provides in relevant part:

"The parties have acknowledged and agreed that their marital property, exclusive of items of nominal value, is considered and disposed of in this Article and all other property not provided for in this Agreement, whether acquired before or during their marriage is non-marital. The intent of this paragraph is to divide the assets of the parties equally so that each will have property, although different in character, of equal value to be distributed in kind so that it will not be necessary to liquidate all of the family assets and divide the cash equally. On completion of the transfer required under this Agreement, as set forth in Exhibit A hereto, each party shall keep his or her separate property, free and clear of any interest of the part. Exhibit A represents a full and complete disclosure by each party of all of the assets."

Exhibit A provides in part:

"WIFE SHALL HAVE AS HER SOLE PROPERTY:
* * *

(7) Certificate of Deposit—$10,000

(8) Bank account currently held in joint tenancy with balance of approximately $17,000

HUSBAND SHALL HAVE AS HIS SOLE PROPERTY:
* * *

(3) Stocks and bond in his possession valued at $18,600

(4) Savings account with a balance of approximately $2700

(5) Money market fund"

A joint tenancy will be severed when one or more of the four unities of time, title, interest, or possession is destroyed. (*Jackson v. O'Connell* (1961), 23 Ill. 2d 52, 55.) However, respondent incorrectly maintains that these unities are only destroyed by an actual transfer of interest in the property or an execution of judgment against one of the tenants. Joint tenants can agree to hold as tenants in common and thus sever the joint tenancy. (*In re Estate of Brach* (1979), 76 Ill. App. 3d 1050, 1053.) Such an agreement can be express or implied from conduct of the parties inconsistent with holding in joint tenancy. *Brach*, 76 Ill. App. 3d at 1053.

In the case at bar, we find that the parties expressly agreed to even more than the mere severance of the joint tenancy in the securities. The decree provides that, "on completion of the transfer required under this agreement," Ralph Dompke should hold "free and clear of any interest" of Maebelle Dompke "[s]tocks and bond in his possession valued at $18,600." This language evinces an agreement to dissolve all common ownership of the securities and to vest sole ownership in Ralph Dompke. The court expressly "merged *** and incorporated" the Dompke's property settlement agreement into its dissolution decree. Therefore, each party has been entitled to its enforcement since the entry of the decree, and "the trial court was required to direct performance of those obligations under the decree so as to fully execute its terms." *Coleman*, 77 Ill. App. 3d at 400.

In order to fully execute the terms of the decree, Maebelle must assign all of her interest in the securities to the Estate. Maebelle's contention that Ralph did not adequately pursue her to effect any transfer during his lifetime is meritless. An analogy can be drawn here to the equitable doctrine of unclean hands: one seeking equity cannot take advantage of his own wrong. Maebelle was under a court-enforceable duty to assign her interest to Ralph. She may not contend that, since she failed to perform her duty under the agreement, Ralph's inaction should now be cause for her to obtain the securities. The subsequent death of Ralph in no way defeats the enforceable intention of the parties manifested in the decree. (*Coleman*, 77 Ill. App. 3d at 400.) She may not retain that which she should have transferred previously.

We also find unconvincing respondent's contention that the settlement agreement is ambiguous. The parties agreed that exhibit A of the property settlement "represents a full and complete disclosure of each party of all the assets." Several other financial instruments and accounts were listed, but no other stocks or bonds were mentioned. There being no other stocks or bonds listed as marital prop-

erty, we find no ambiguity as to which stocks and bonds were to be assigned to Ralph Dompke.

Respondent also points to a life insurance policy under which she was still listed as beneficiary at the time of Ralph's death. Maebelle contends that maintenance of this policy manifests an intention, inconsistent with the stated intent of the decree, not to sever all joint interests in the former marital property. This then would mitigate against any clear and convincing evidence of a severance of joint tenancy. Maebelle further speculated that Ralph may have intended to maintain the joint tenancy in the securities, again inconsistently with the express intent of the decree, so that Maebelle would receive his interest at his death.

■■ ■ It is true that a presumption of donative intent arises from the creation of a joint tenancy. (See *Murgic v. Granite City Trust & Savings Bank* (1964), 31 Ill. 2d 587.) This presumption can be overcome only by clear and convincing evidence of a lack of such intent. (*Murgic*, 31 Ill. 2d at 591.) We have already found, in the language of the dissolution decree and its incorporated settlement agreement, clear and convincing evidence that the Dompkes intended to sever their joint tenancy. Therefore, Maebelle would have had to prove the creation of a new joint tenancy in the stocks and bond after the issuance of the decree. This she did not do. There is no evidence of the existence of the four unities required for a joint tenancy. In addition, no inference of donative intent can be drawn from Ralph's inaction. He did not act prior to his death. Since she never made the required assignment, he could not donate his interests to her by inactivity. The life insurance policy analogy is a *non sequitur*. Whether this policy was a token of Mr. Dompke's feelings for his ex-wife or an oversight on his part does not affect our decision today.

Having found that the joint tenancy was severed as a matter of law, we find that the trial court was correct in issuing summary judgment in petitioner's favor. This necessarily defeats respondent's second contention, that summary judgment should have been granted in her favor.

■■ Respondent finally contends that, even if the joint tenancy was severed by the divorce decree, the severance affected only the value of the stock owned at the date of dissolution. Any subsequent stock acquired by the account, still listed in joint tenancy, would be entitled to the presumption of joint tenancy and would thus pass to her as sole surviving joint tenant.

Respondent cites no statutory or case law to support this contention. Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)) provides

that an appellant's brief must contain citations to relevant authority supporting arguments on appeal. A contention supported by some argument but by no authority does not satisfy the requirements of this rule. (*Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 608.) The court is under no obligation to research respondent's case for her. Since respondent has failed to comport with the requirements of this rule, we will not respond to this argument.

For the reasons stated above, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

DUNN and LINDBERG, JJ., concur.