**SIXTH DIVISION**
**SEPTEMBER 3, 2010**

No. 1-09-2041

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROBERT E. BENNETT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO TITLE AND TRUST COMPANY, | ) | No. 08 CH 1507 |
| as Trustee u/t/a/ Number 116488-05, LOGAN ASSET | ) | |
| BACKED FUND, L.P., MAISHA B.H. BENNETT, | ) | |
| a/k/a Maisha Hamilton and Maisha Imani | ) | |
| Hamilton, KAREGA M. BENNETT, and | ) | |
| AYINDE K. BENNETT, | ) | Honorable |
| | ) | Sophia Hall, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff Robert Bennett filed a *pro se* action for declaratory judgment and to quiet title in

the circuit court of Cook County.  Plaintiff's verified complaint concerns a marital home

previously owned by plaintiff and his ex-wife, Maisha B.H. Bennett (Maisha). The parties

established a land trust for the marital home conveying a one-third beneficial interest to each of

their three children pursuant to the Illinois Uniform Transfers to Minors Act (Act) (760 ILCS

20/1 *et seq*. (West 1992)) and designated themselves as joint custodians. The parties' marriage

was dissolved in 1994.

No. 09-2041

Plaintiff alleges in his verified complaint that Maisha and two of their children obtained loans secured by a mortgage against the former marital home, without his knowledge and between two to four years after his youngest child attained the age of 21. Defendant Chicago Title and Trust Company (Chicago Title) became the successor land trustee at the time the loans were obtained. Defendant Logan Asset Backed Fund, L.P. (Logan), was the lender that issued a loan to one of the children, Karega.

Chicago Title filed a motion to dismiss plaintiff's complaint, pursuant to section 2-615(a) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615(a) (West 2008)), claiming that plaintiff lacked standing because, under the Act, the custodianship terminated when his youngest child attained the age of 21. Logan filed a motion for judgment on the pleadings, pursuant to section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2008)), also claiming that plaintiff lacked standing because his custodianship terminated when his youngest child attained the age of 21. Logan also filed an alternative motion to dismiss plaintiff's complaint, pursuant to section 2-615(a) (735 ILCS 5/2-615(a), (e) (West 2008)), on the same basis. Plaintiff responded that the custodianship never terminated because he never transferred the custodial property to the children after their twenty-first birthdays and that his children requested him to continue to serve as custodian of their beneficiary interests in the land trust.

The trial court granted Chicago Title's motion to dismiss with prejudice and Logan's motion for judgment on the pleadings. The trial court found plaintiff lacked standing because he did not have an ownership interest in the property since his custodianship terminated when all his children attained the age of 21 and that he should have transferred the custodial property to the

2

adult children, as required by the Act. We affirm.

BACKGROUND

Plaintiff's verified "Complaint For Declaratory Judgment and Quiet Title" contained the following allegations: On January 8, 1993, plaintiff and Maisha established a land trust agreement under trust number 116488-05 for the marital home they "jointly" owned, located at 4847 South Woodlawn Avenue in Chicago. The land trust agreement was established with American National Bank of Chicago as the land trustee, and, at an unspecified time thereafter, LaSalle Bank became the successor land trustee (after LaSalle Bank acquired American National Bank).

Pursuant to the Act, the land trust conveyed a one-third beneficial interest to the parties' three minor children and designated plaintiff and Maisha as joint custodians.

In September 1993, Maisha filed a complaint for the dissolution of the parties' marriage. Plaintiff alleges in his verified complaint that, as part of an oral agreement between the parties, plaintiff could continue to reside in the marital home following the dissolution, so long as he paid the mortgage, paid all debts associated with the property, and maintained the property in good condition.

Ten years later, in November 2003, Ayinde, the parties' youngest child, celebrated his twenty-first birthday, and plaintiff continued to reside in the former marital home. Plaintiff admits in his verified complaint that he never transferred the custodial property after all his children attained the age of 21 as required under section 21 of the Act.

Plaintiff's verified complaint also alleges the following: In 2005, Maisha caused the

preparation of three "Directions to Convey" the former marital home out of the land trust to herself, one for each of her three children in 2005. Only two of the alleged three directions to convey documents are included in the record, namely, the ones allegedly executed by Kinshasa and Karega. The children's signatures on the directions to convey were forged and Maisha committed fraud in producing them. In August 2005, LaSalle Bank, as successor trustee, issued a trustee's deed for the former marital home to Maisha. Approximately a month later, Maisha obtained two loans from Community Bank of Lawndale (Community Bank), for a total loan of $400,000. Maisha secured the loan by executing a mortgage to Community Bank on the former marital home. Approximately three months later, Maisha defaulted on the Community Bank loan. Maisha executed a deed in trust and reconveyed the title to the former marital home to the same land trust number, 116488-05 in February 2006. Plaintiff alleges that he had no knowledge of any of these transactions.

Plaintiff's verified complaint further alleges as follows: Community Bank filed a mortgage foreclosure against Maisha in August 2006.[1] Karega and Ayinde obtained a loan for $950,000 from Eastern Savings Bank (Eastern Bank) in March 2007 and secured the loan with a mortgage to Community Bank on the former marital home. Karega and Ayinde paid the balance on Maisha's loan from Community Bank out of the proceeds. Karega obtained a loan in the amount of $1,235,000 from Logan and secured the loan with a mortgage to Logan on the former marital home in November, 2007. Karega paid the balance of the $950,000 Eastern Bank loan from the proceeds.

---

[1] The mortgage foreclosure action is not included in the record.

No. 09-2041

In plaintiff's *pro se* one-count verified complaint, plaintiff seeks a determination that: (1) he remain in possession of the former marital home; (2) the transfer of title of the former marital home from LaSalle Bank to Maisha was fraudulent; (3) Maisha fraudulently obtained loans from Community Bank, secured by the former marital home; (4) Chicago Title, as land trustee, was negligent in its transfer of title to Maisha; (5) Chicago Title's termination of plaintiff as joint custodian of the children was negligent; (6) Karega and Ayinde's exercise of authority and direction of the land trust agreement was improper; and (7) Logan's mortgage was improperly authorized and executed.

On October 28, 2008, Chicago Title filed a motion to dismiss plaintiff's verified complaint pursuant to section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2008)), claiming that plaintiff's verified complaint should be dismissed for lack of standing because: (1) the beneficiary interest qualified as "an interest in real estate" under section 21(b) of the Act so that the custodianship terminated when his youngest child attained the age of 21 by operation of law and no transfer of the custodial property was necessary to complete the termination, and thus, plaintiff had no ownership interest in the former marital home when the loan transactions occurred; and (2) under section 17 of the Act, a land trustee is exempt from liability from acts of a custodian conducted in its capacity as custodian.

On November 24, 2008, Logan filed a motion for a judgment on the pleadings pursuant to section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2008)), or in the alternative, a motion to dismiss plaintiff's verified complaint, pursuant to section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2008)), claiming that: (1) the beneficiary interest qualified as "an interest in real

estate" under section 21(b) of the Act so that the custodianship terminated when his youngest child attained the age of 21 by operation of law and no transfer of the custodial property was necessary to complete the termination, and thus, plaintiff had no ownership interest in the former marital home when Logan issued the loan; and (2) as a mortgagee, Logan was entitled to rely on the authority of the land trustee in executing mortgage documents and had no duty to determine whether the land trustee had the proper authorization to proceed with the transaction.

On March 4, 2009, plaintiff filed a response to both motions. In his response, plaintiff claims that he has standing because he "remains the custodian of the beneficial interest in the land trust until an appropriate transfer of the beneficial interest is made." He also claims that the fraudulent conveyances by Maisha and two of their children or the negligent conduct of Chicago Title, or its predecessor land trustees, did not terminate his custodianship.

On April 2, 2009, the trial court heard arguments on defendants' motions. On May 4, 2009, the trial court made the following findings:

"[T]he court finds that the [plaintiff] does not have an ownership interest in the property. He is not a beneficiary of the land trust, nor does he have a right to assert a custodianship in the property under the [Act] since his children are no longer minors.

In fact, his custodianship of the power of direction of the land trust should have been transferred in an appropriate manner to the minors pursuant to section 21(a) of the [Act] as determination [sic] of custodianship, and that transfer should have occurred when they became adults.

6

\*\*\*

This property here is the beneficial interest in a land trust, and therefore an appropriate manner would be utilized.

So, accordingly, the plaintiff does not have an ownership interest in the property for the purposes of standing to pursue his complaint \*\*\* if any complaint is to be made against [Chicago Title] regarding anything they did after the children became adults, those would be claims that the children would make.

However, the children are still defendants in this suit, and any further actions \*\*\* that the plaintiff might have regarding his right to possession of the property \*\*\* is between him and his children."

The trial court granted Chicago Title's motion to dismiss with prejudice and Logan's motion for judgment on the pleadings.

This appeal followed.

ANALYSIS

On appeal, plaintiff claims that the trial court erred in granting Chicago Title's motion to dismiss and Logan's motion for judgment on the pleadings (735 ILCS 5/2-615(a), (e) (West 2008)).

Jurisdiction

We have jurisdiction of this appeal because the order appealed from is a final order. Illinois Supreme Court Rule 304(a) provides that "an appeal may be taken from a final [order] as to one or more but fewer than all of the parties or claims only if the trial court has made an

express written finding that there is no just reason for delaying either enforcement or appeal" or both. 134 Ill. 2d R. 304(a). An order is "final" if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on separate and definite part of it. *Ariola v. Nigro*, 13 Ill. 2d 200, 207 (1958).

In the case at bar, the trial court entered an order dismissing plaintiff's verified complaint for declaratory action and to quiet title with prejudice as to defendant Chicago Title and granted Logan's motion for judgment on the pleadings. Maisha and plaintiff's children, Karega and Ayinde, are still parties to the verified complaint but are not parties to this appeal, and the consolidated forcible entry and detainer action has not yet been adjudicated. In its order, the trial court found that "there is no just reason for delaying enforcement or appeal of this order, pursuant to Illinois Supreme Court Rule 304(a)."

Plaintiff filed a motion to reconsider on June 1, 2009, and the trial court denied the motion to reconsider on July 1, 2009. Plaintiff timely filed a notice of appeal on July 31, 2009. Accordingly, this court has jurisdiction to decide this appeal.

Standard of Review

A motion to dismiss brought under section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2008)) challenges the legal sufficiency of the complaint by showing defects on its face. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004). A motion for judgment on the pleadings brought under section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2008)) is proper where the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d

No. 09-2041

381, 385 (2005). "Any party may seasonably move for judgment on the pleadings." 735 ILCS 5/2-615(e) (West 2008).

In making a determination on either motion, all well-pleaded facts in the complaint, and all reasonable inferences that may be drawn from those facts are taken as true, and we construe the allegations in the complaint in a light most favorable to plaintiff. *Young*, 213 Ill. 2d at 441; *Gillen*, 215 Ill. 2d at 385. We review *de novo* an order granting a section 2-615(a) motion to dismiss and a section 2-615(e) motion for judgment on the pleadings. *Young*, 213 Ill. 2d at 440; *Gillen*, 215 Ill. 2d at 385.

In granting the section 2-615 motions, the trial court found that plaintiff lacked standing to bring his action for declaratory judgment and to quiet title. "The doctrine of standing requires that a party, either in an individual or representative capacity, have a real interest in the action brought and in its outcome." *In re Estate of Wellman*, 174 Ill. 2d 335, 344 (1996). The purpose of standing is to ensure that courts are deciding actual, specific controversies and not abstract questions or moot issues. *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279-80 (1989). In Illinois, standing requires only some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988).

Termination and Transfer of Custodianship under the Act

First, plaintiff claims that he has standing to bring his action for declaratory judgment and to quiet title in his custodial capacity over the beneficial interest in the land trust because he never transferred the custodial property to his children and that his children requested him to continue to serve as their custodian. To determine whether plaintiff maintained his status and

9

rights as a custodian over the beneficial interest in the land trust requires us to construe provisions of the Act.

When construing a statute, our " 'primary objective *** is to ascertain and give effect to the intent of the legislature.' " *MidAmerica Bank, FSB v. Charter One Bank, FSB*, 232 Ill. 2d 560, 565 (2009), quoting *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). The plain and ordinary language of the statute is the most reliable indication of legislative intent. *DeLuna*, 223 Ill. 2d at 59.

Section 21 of the Act (760 ILCS 20/21 (West 2008)), entitled "Termination of Custodianship," provides as follows:

"(a)    The custodian shall transfer in an appropriate manner the custodial property (to the extent that it has not been used pursuant to this Act) to the minor or to the minor's estate upon the earlier of:

(1)    the minor's attainment of 21 years of age with respect to custodial property transferred [by irrevocable gift] ***;

(2)    the minor's attainment of the age of majority under the laws of this State other than this Act ***;

(3)    the minor's death.

(b)    To the extent the custodial property is real property or an interest in real property, no conveyance or delivery to the minor or the minor's estate is necessary to terminate the powers or rights of the custodian upon the minor's attainment of age 21 or 18 years, as the case may be, or upon the minor's death."

We find plaintiff's argument not persuasive. The plain and ordinary language of section 21 of the Act anticipates that the custodial relationship between a custodian and a minor will terminate upon the condition of the earlier of three events, all of which concern the minor. By definition, a "minor" means an individual who has not attained the age of 21. 760 ILCS 20/2(12) (West 2008). Once the earlier of those conditions is met, it is then mandatory that a custodian transfer the custodial property to the minor "in an appropriate manner," if the custodial property does not concern real estate or an interest in real property. 760 ILCS 20/21(a) (West 2008); see *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007) (the use of the word "shall" indicates a mandatory requirement). If the custodial property concerns real estate or an interest in real property, then "no conveyance or delivery to the minor" is required. 760 ILCS 20/21(b) (West 2008).

In the case at bar, the trial court found that plaintiff's custodianship terminated as to each child when that child attained the age of 21, and section 21(a) applied so that plaintiff was then required to transfer the beneficial interest in the land trust to his children in an appropriate manner.

In determining that section 21(a) applied, the trial court rejected defendants' argument that beneficial interests in a land trust is "an interest in real property" so that section 21(b) should apply and no transfer of custodial property is required. The trial court found that section 21(b) did not apply because the Act considered "real estate or interests therein" and "beneficial interests in land trusts" separately in the creation and transfer of custodial property. See 760 ILCS 20/10(a)(5), (a)(7) (West 2006). We agree with the trial court.

Defendants' interpretation that "beneficial interest in land trust" should be considered "interest in real property" for termination purposes, but not for creation and transfer purposes, would render section 10(a)(7) meaningless and superfluous. See *People v. Jones*, 214 Ill. 2d 187, 193 (2005) ("[a] statute should be read as a whole and construed so that no part of it is rendered meaningless or superfluous"). Moreover, it is well settled law in Illinois that the beneficiary of a land trust holds an interest in personal property. See 765 ILCS 405/1 (West 2006); *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 207 (1993).

Defendants further argue that section 21(b) should apply because Illinois courts have recognized that a beneficiary of a land trust is the owner of, and may have "an interest in the real estate *res* *** for some purposes." *IMM Acceptance Corp. v. First National Bank & Trust Co. of Evanston*, 148 Ill. App. 3d 949, 955 (1986) (holding that the transfer of a beneficial interest in a land trust is subject to the statute of frauds). Defendants cite *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479 (1979), where our supreme court held that a beneficiary of a land trust is the "owner" of the real estate for purposes of real estate taxation. Defendants also cite *Department of Conservation v. Franzen*, 43 Ill. App. 3d 374 (1976), where the Second District of the Illinois Appellate Court held that a beneficiary of a land trust had an "interest in property" for purposes of filing a cross-petition in an eminent domain proceeding.

We find defendants' argument not persuasive for two reasons. First, we have declined to extend the proposition that a land trust beneficiary has an "interest in the real estate *res* of [the] land trust for some purposes" beyond cases involving statute of frauds, real estate taxation and an eminent domain proceeding. *In re Estate of Crooks*, 266 Ill. App. 3d 715, 723 (1994) (rejecting

defendant's argument that quitclaim deeds could convey a beneficial interest). Second, even if we concluded that a beneficiary has an interest in real estate for purposes of terminating a custodianship under the Act, the redundancy of section 10(a)(7), as previously noted, would still remain. Thus, the trial court properly found that section 21(b) did not apply here.

Plaintiff claims that his custodianship never terminated because he never transferred the custodial property to his children. Plaintiff further claims that his reason for not transferring the custodial property was because his children requested that he retain his custodianship over their beneficial interests in the land trust after they attained the age of 21.

Plaintiff argues that his children's intent that he remain as custodian is shown through their Illinois drivers' licenses recording their residence as the former marital home and that they stayed at the former marital home during holidays. Yet, he does not explain how recording the address of the former marital home in which they have a beneficial interest or visiting the former marital home in which they have a beneficial interest shows their intent to have plaintiff continue to serve as custodian over their beneficial interests in the land trust.

Moreover, the evidence in the record shows that his children acted in their capacity as beneficiaries of the land trust and adverse to plaintiff's interests by participating and obtaining loans and executing mortgage documents, as well as participating in attempting to obtain possession of the property under a forcible entry and detainer action. This contradicts his argument that the children requested him to continue to serve as custodian. Plaintiff admitted in his appellate brief, Karega and Ayinde secured loans with a mortgage on the former marital home without his knowledge. Plaintiff alleged in his verified complaint that Karega commenced a

13

forcible entry and detainer action against him.

Plaintiff has also not provided us with any authority to support his claim that a custodianship does not terminate after a minor attains the age of 21 or that a custodianship may continue, after the minor attains the age of 21, upon the minor's request. Points raised but not supported with authority in a party's brief are deemed waived. *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d. 559, 568 (2006) (by failing to offer supporting legal authority or "any reasoned argument," plaintiffs waived consideration of their argument).

We find plaintiff's argument, that the custodianship never terminated because he did not transfer the custodial property, not persuasive. Under section 21(a) of the Act, it is mandatory for plaintiff, as custodian, to transfer the custodial property to his children as each of them attains the age of 21. Plaintiff attempts to take advantage of his unauthorized possession of the custodial property to have standing to bring his claims where he would otherwise have none. *Ellis v. Photo America Corp.*, 113 Ill. App. 3d 493, 498 (1983) ("It is a fundamental rule that one seeking equitable relief cannot take advantage of his own wrong"). As a result, courts will not recognize the standing of a custodian from his unauthorized possession of property derived from the retention of possession over property rights which the litigant is required to transfer. That such standing derived from the failure to transfer fails particularly where the action taken is directed against those who are the proper transferees and the beneficiaries of the litigant's custodial interest. Thus, the trial court properly found plaintiff lacked standing when, through his own inaction, plaintiff attempted to retain rights in the custodial property that he was required to transfer. See, *e.g.*, *Estate of Dompke v. Dompke*, 186 Ill. App. 3d 930, 935 (1989) (wife's

inaction in assigning her interest in securities to husband following dissolution of their marriage and prior to his death does not allows her to "retain that which she should have transferred previously" when required to transfer under a court-enforceable duty).

As previously noted, section 21 of the Act anticipates that the custodial relationship between a custodian and a minor will terminate upon the condition of the earlier of three events, including when the minor attains the age of 21. Here, plaintiff's rights, powers, and authority as custodian over the beneficial interests in the land trust was terminated as to each child when that child attained the age of 21. Plaintiff's youngest child, Ayinde, attained the age of 21 in 2003, and the loan transactions and title conveyance that plaintiff complains of occurred between two and four years later. Thus, the trial court properly found plaintiff had no recognizable custodianship or ownership interest in the beneficial interest in the land trust and, as a result, lacked recognizable standing to bring his claims.

Chicago Title's Liability for Negligent Conduct

Next, plaintiff claims that Chicago Title, as successor trustee, is liable for the negligent conduct of the predecessor trustee, LaSalle Bank, which acted negligently in its administration of the title held in the land trust when it conveyed the title from the land trust to Maisha in 2005 and allowed the children to secure a loan from Logan on the former marital home in 2007.

Plaintiff cites cases to show that a land trustee exposes itself to liability to the beneficiary of the land trust when it acts negligently in its general duties as a trustee and its specific duties under the land trust agreement. See, *e.g.*, *Falstrom v. Spencer Corp.*, 325 Ill. App. 580 (1945); *Home Federal Savings & Loan Ass'n v. Zarkin*, 89 Ill. 2d 232 (1982); *Stuart v. Continental*

No. 09-2041

*Illinois National Bank & Trust Co.*, 68 Ill. 2d 502 (1977). Again, plaintiff claims that he has standing to bring this claim, in his capacity as custodian over the land trust, because he never transferred the custodial property to his children.

As previously noted, plaintiff's custodianship terminated in 2003 when plaintiff's youngest child attained the age of 21, and plaintiff's failure to transfer the property did not prevent the custodianship from terminating. The alleged negligent conduct occurred in 2005, two years after plaintiff's custodianship terminated. Thus, the trial court properly found that plaintiff lacked standing to bring this claim.

Standing to Pursue an Action to Quiet Title

Last, plaintiff claims that he stated a cause of action against Logan because he has standing to pursue a cause of action to quiet title. He claims that: (1) he never transferred the custodial property and thus his custodianship was not terminated; (2) Maisha's alleged "forgery and fraud" concerning the directions to convey the title in the former marital home did not terminate his custodianship; and (3) for 23 years, he has had possession of the former marital home, which is the subject property in his action to quiet title.

First, as previously noted, plaintiff's custodianship terminated in 2003 when plaintiff's youngest child attained the age of 21, and plaintiff's failure to transfer the property did not prevent the custodianship from terminating. Karega secured the loan with a mortgage to Logan on the former marital home in 2007, four years after plaintiff's custodianship terminated.

Second, Maisha's alleged "forgery and fraud" concerning the directions to convey title occurred in 2005 and thus had no effect on plaintiff's custodianship, which terminated in 2003.

16

Third, plaintiff's claim that his possession of the former marital home is enough to allow him to file an action to quiet title against Logan is not persuasive. Plaintiff cites *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 812 (1985), for the proposition that a plaintiff suing to quiet title must be in possession of the property. However, in *Estrada*, we also stated that " 'it is a fundamental requirement in an action to quiet title *** that the plaintiff must recover on the strength of his own title, although it is not required that a perfect title be established.' " *Estrada*, 134 Ill. App. 3d at 812, quoting *Reynolds v. Burns*, 20 Ill. 2d 179, 193 (1960).

In *Estrada*, a land trustee filed an action seeking to enforce a prior trial court order quieting title to real property in favor of the land trustee. A corporation in possession of the property sought to intervene on the land trustee's action to quiet title. We found that the corporation was a necessary and indispensable party to the land trustee's action because the corporation was not only in possession of the property, but the evidence in the record showed that the corporation had executed a mortgage on the property and claimed that its ownership interest in the property should have been in the chain of title, but the corporation name was inadvertently misspelled on the warranty deed. *Estrada*, 134 Ill. App. 3d at 814-15.

Here, although plaintiff is in possession of the former marital home, plaintiff admits in his appellate brief that he does not hold title to the property. The trustee holds both legal and equitable title in a land trust. *In re Estate of Alpert*, 95 Ill. 2d 377, 382 (1983). As previously noted, plaintiff has no interest in the land trust as a custodian because his custodianship terminated in 2003, when his youngest child attained the age of 21. The mortgage to Logan on

17

No. 09-2041

the former marital home, that plaintiff complains of, occurred in 2007. Without more than possession, plaintiff lacks standing to file his action to quiet title. See *Klingel v. Kehrer*, 81 Ill. App. 3d 431, 439-40 (1980) (plaintiff in possession of property could not file action to quiet title to property until she acquired title by adverse possession); *Ford v. Witwer*, 383 Ill. 511, 514 (1943) ("if plaintiff has no title himself, he cannot complain that there is a cloud upon the title, for the presence of such can be no concern of his").

In sum, plaintiff's custodianship was terminated as to each child when that child attained the age of 21. Plaintiff's youngest child, Ayinde, attained the age of 21 in 2003 and all of plaintiff's claims occurred between two and four years after his custodianship ended. As the trial court found, plaintiff lacked standing to bring his claims. Therefore, we find that the trial court properly granted Chicago Title's section 2-615(a) motion to dismiss and Logan's section 2-615(e) motion for judgment on the pleadings.

CONCLUSION

For the foregoing reasons, we affirm the circuit court of Cook County in granting Chicago Title's motion to dismiss and Logan's motion for judgment on the pleadings.

Affirmed.

CAHILL, P.J., and J. GORDON, J., concur.