2022 IL App (1st) 210736-U

SECOND DIVISION
August 2, 2022

No. 1-21-0736

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THOMAS DART, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, |
| | ) | Law Division. |
| v. | ) | |
| | ) | No. 18 L 10207 |
| NICOLE DENHAM, | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Sandra G. Ramos, |
| | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justice Lavin concurred.
Justice Cobbs specially concurred.

**O R D E R**

¶ 1    *Held*: The circuit court erred in granting the defendant's motion for judgment on the pleadings where the pleadings disclosed a genuine issue of material fact as to whether she authored and disseminated the allegedly defamatory emails about the plaintiff.

¶ 2    This appeal stems from an action for defamation and invasion of privacy filed by the plaintiff, Thomas J. Dart, against the defendants, Howard Denham (Howard), his wife Nicole

Denham (Nicole), and Nicole's employer, Paper Source, Inc. (Paper Source). On appeal, the plaintiff solely contests the circuit court's order granting Nicole's motion for judgment on the pleadings (735 ILCS 5/2-615(e) (West 2018)). For the following reasons, we reverse and remand with instructions.

¶ 3                                    I. BACKGROUND

¶ 4     The record before us reveals the following relevant facts and procedural history. On October 22, 24, and 29, 2017, three emails under the pseudonym "Dan Burley" were sent from email account dburley43@yahoo.com to various news and governmental agencies asserting that the plaintiff was involved in an extra-marital affair and had physically attacked his wife causing visible injuries. The emails also claimed that the plaintiff was involved in a coverup of his domestic abuse.

¶ 5     On December 20, 2018, the plaintiff filed a six-count complaint alleging defamation *per se* and false light invasion of privacy against three defendants: Howard, Nicole, and Nicole's employer, Paper Source. The plaintiff alleged that on October 22, 24, and 29, 2017, Howard and Nicole authored and disseminated the three emails, either knowing them to be false or in reckless disregard for their falsity thereby causing injury to his reputation. The plaintiff further alleged that these defamatory statements placed him in false light before the public by, *inter alia*, imputing to him the commission of a criminal offense, and the lack of integrity or the inability to perform his duties as Cook County Sherriff. In addition, the plaintiff alleged that Paper Source was vicariously liable for Nicole's actions because at all relevant times Nicole was employed as a manager there and had disseminated the emails from a location owned by Paper Source.

¶ 6     Paper Source filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), asserting that the plaintiff failed to

establish that Nicole was acting within the scope of her employment when she and Howard allegedly authored and sent the defamatory emails. After the court granted Paper Source's motion, only Howard and Nicole remained as defendants in the lawsuit.

¶ 7    For the next several years, the parties litigated numerous motions to preserve evidence and consolidate the appeal with the plaintiff's separate and pending cause of action in case No. 2018 L 1648 (*Dart v. Oath Inc. d/b/a Yahoo, Inc.*) wherein the plaintiff had filed a petition for discovery against the relevant internet provider attempting to identify the parties responsible for the three defamatory emails written under the email address dburley43@yahoo.com. The discovery disclosures obtained in that case identified "Dan Burley" as Howard. Additional discovery revealed that Paper Source was the owner of the IP address from which the emails were sent, and that at all relevant times, Howard's wife, Nicole, worked at Paper Source in a managerial capacity.

¶ 8    After the circuit court denied the motion to consolidate, the parties litigated several motions to dismiss, which were granted without prejudice. The plaintiff was granted leave to amend his complaint three times.

¶ 9    Relevant to this appeal, on January 20, 2021, he filed the instant third amended complaint. Therein, he again alleged false light invasion of privacy and defamation *per se* against Howard and Nicole. Just as in his original complaint, the plaintiff alleged that Howard and Nicole authored and disseminated the three emails, placing him in a false light before the public and causing injury to his reputation as Cook County Sheriff. This time, the plaintiff added that Nicole authored and disseminated the relevant emails "in coordination and concert with her husband" and that she did so on a computer provided to her and using an IP address owned/leased or maintained by her then employer, Paper Source. Moreover, the plaintiff alleged that both Howard and Nicole used the

name "Dan Burley" in the disseminated emails intending to hide their identity.

¶ 10  On February 1, 2021, Howard and Nicole filed separate answers to the plaintiff's third amended complaint. In his answer, Howard admitted to having authored and disseminated all three emails. In contrast, in her answer, Nicole denied having done so, adding that she had no knowledge of the emails until "she received the instant lawsuit against her."

¶ 11  On February 8, 2021, Nicole filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2018)). Therein, she asserted that because the plaintiff's third amended complaint alleged that either Howard, or in the alternative, she authored and disseminated the defamatory emails, the cause of action against her had to be dismissed in light of Howard's admission. In support of this position, Nicole pointed out that in a prior pleading, namely his response to her motion to dismiss his first amended complaint, the plaintiff had specifically stated that his pleadings against her were made "in the alternative." In addition, Nicole argued that the plaintiff's allegations in the third amended complaint about her authoring and disseminating the emails "in coordination and concert with [her] husband" were not well-pleaded facts, but merely "legal conclusions" permitting her to succeed on her motion.

¶ 12  On March 19, 2021, the plaintiff filed his response to Nicole's motion for judgment on the pleadings. Therein he pointed out that the third amended complaint explicitly alleged that either Howard or Nicole, or both together authored and disseminated the defamatory emails. Accordingly, Howard's admission in and of itself left unanswered a genuine issue of material fact, namely whether Nicole participated in authoring and disseminating the emails.

¶ 13  On May 24, 2021, the circuit court granted Nicole's motion for judgment on the pleadings with prejudice. On June 2, 2021, upon the plaintiff's motion, the circuit court held that its May 24,

4

order granting Nicole's motion, was final and appealable pursuant to Illinois Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. March 8, 2016)) and that there was no just cause to delay the appeal. The plaintiff then filed the instant appeal.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, the plaintiff asserts that the circuit court erred in granting Nicole's motion for judgment on the pleadings. He argues that Howard's admission to authoring and disseminating the defamatory emails by no means resolves the genuine issue of material fact as to whether Nicole also authored and disseminated those emails in concert with him. For the following reasons, we agree.

¶ 16    "Any party may seasonably move for judgment on the pleadings" pursuant to section 2-615(e) of the Code. 735 ILCs 5/2-615(e) (West 2018). "A motion for judgment on the pleadings, is like a motion for summary judgment," but "limited to the pleadings." *Pekin Ins. Co. v. Wilson*, 237 Ill. 2d 446 455 (2010). Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *Illinois Tool Works Inc. v. Commerce and Industry Ins. Co.,* 2011 IL App (1st) 093084, ¶ 15; see also *Bennett v. Chicago Title and Trust, Inc.*, 404 Ill. App. 3d 1088, 1094 (2010); *M.A.K. v. Rush-Presbyterian-St.-Luke's Medical Center*, 198 Ill. 2d 249, 255 (2001).

¶ 17    When ruling on such a motion, the court may only consider those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record. *Illinois Tool Works*, 2011 IL App (1st) 093084, ¶ 16; see also *H & M Commercial Driver Leasing, Inc. v. Fox Valley Containers, Inc.*, 209 Ill. 2d 52, 56-57 (2004). A party moving for a section 2-615(e) judgment on the pleadings concedes the truth of the well-pleaded facts in the plaintiff's pleadings. *Illinois Tool Works*, 2011 IL App (1st) 093084, ¶ 16. The court must take as true all

reasonable inferences from those facts but construe the evidence strictly against the movant and disregard any conclusory allegations and surplusage. *Id.*; see also *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 138 (1999) ("For purposes of resolving the motion, the court must consider as admitted all-well pleaded facts set forth in the pleadings of the nonmoving party, and the fair inferences drawn therefrom.").We review the entry of a judgment on the pleadings *de novo*. *H & M Commercial Driver Leasing*, 209 Ill. 2d at 57.

¶ 18 In the present case, construing the pleadings in the light most favorable to the plaintiff, and taking into consideration Howard's admission, it is apparent that the circuit court erred in granting Nicole's motion for judgment on the pleadings. The plaintiff's third amended complaint is written in such a manner that sufficiently alleges that both Howard and Nicole authored and disseminated the defamatory emails, so that Howard's admission alone does not resolve the question of whether Nicole participated in doing the same.

¶ 19 The third amended complaint uses separate counts to make allegations regarding Howard and Nicole. In counts I and II the complaint alleges that Howard authored and disseminated the defamatory emails. In counts III and IV, the complaint alleges that Nicole authored and disseminated the defamatory emails using a computer provided and an IP address owned/leased or maintained by her then employer, Paper Source, and while employed there in a managerial capacity. In addition, in count III the complaint specifically asserts that Nicole authored and disseminated the relevant emails "in coordination and concert with her husband," Howard.

¶ 20 Taking, as me must, these well-pleaded allegations as true, we find that when viewed together with Howard's admission, nothing in the third amended complaint precludes a finding that more than one person, *i.e.*, Nicole together with Howard, wrote the defamatory emails.

¶ 21 Nicole's argument to the contrary has no merit. Nothing in Howard's admission negates

the possibility that Nicole authored and disseminated the emails in "coordination and concert" with him. His answer nowhere hints, let alone affirmatively states, that he authored or sent the emails alone and without Nicole's knowledge or help. Taken together with the plaintiff's well-pleaded allegation that the emails were sent from a computer and IP address owned/operated or maintained by Nicole's employer, Nicole's denial, and her claim that she did not learn about the defamatory emails until the recent lawsuit, merely create a genuine issue of material fact as to her culpability.

¶ 22    Accordingly, we find that the circuit court erred in granting Nicole's motion for judgment on the pleadings.

¶ 23                                III. CONCLUSION

¶ 24    We therefore reverse the judgement of the circuit court and remand for further proceedings before a different judge.

¶ 25    Reversed and remanded with instructions.

¶ 26    JUSTICE COBBS, specially concurring,

¶ 27    I concur in the judgment in this case. The trial court's grant of Nicole's motion for judgment on the pleadings was in error. I disagree, however, that assignment to a different judge on remand is either necessary or appropriate.